# Bain *v*. The State.

*Indictment for Murder.*

1. *Charge as to sufficiency of evidence.*—In a criminal case, a charge requested, in these words, "A probability of the defendant's innocence is a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal," asserts a correct proposition, and its refusal is an error which will work a reversal of the judgment. (*Cohen v. The State*, 50 Ala. 108, is irreconcilable with *Williams v. The State*, 52 Ala. 411, but it asserts the correct rule.)

FROM the Circuit Court of Jackson, on change of venue from Marshall.

Tried before the Hon. H. C. SPEAKE.

The indictment in this case charged the defendant, James M. Bain, with the murder of Bluford Johnson, by shooting him with a pistol. On a former trial, the defendant was found guilty of manslaughter in the first degree; but the judgment was reversed by this court, and the cause remanded.—See the report of the case in 70 Ala. 4–7. On a second trial, as shown by the present record, the defendant again pleaded not guilty; and issue being joined on that plea, he was again convicted of manslaughter in the first degree, and sentenced to the penitentiary for five years. During the trial, the defendant duly reserved exceptions to the refusal of numerous charges requested by him, and these matters are now urged as error; but the opinion of this court renders a statement of them unnecessary.

ROBINSON & BROWN, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The judgment in this cause must, in our opinion, be reversed, for the error committed in refusing the last charge, numbered eleven, which was requested by the defendant. This charge reads as follows: "A *probability of defendant's innocence* is a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal."

[Hobbs v. The State.]

· Our rulings on this point are not in harmony. The charge, as requested, was evidently taken from *Cohen's case*, 50 Ala. 108, where it was held to assert a correct proposition of law, and its refusal was decided to be error. In *Ray's case*, reported in the same volume (50 Ala. 104), a charge couched in the same language, but prefaced by the assertion, that "a reasonable doubt has been defined to be a doubt for which a reason could be given," was held to be misleading, apparently because of this definition of a *reasonable doubt*. In *Williams' case*, 52 Ala. 411, a charge was held misleading, which declared that the jury must acquit, "if from all the evidence there is *a probability* of the innocence" of the defendant. The two rulings in the cases of *Cohen* and of *Williams* are not reconcilable, and we think the former declares the correct rule. *Probability* is the state of being probable; and *probable* has been defined to be, "having *more evidence for than against*"—"supported by evidence which inclines the mind to belief, but leaves some room for doubt."—Webster's Dict.; Worcester's Dict. It clearly involves the idea of a *preponderance* of evidence, as used in connection with testimony. Manifestly, if the evidence *preponderates* in favor of the prisoner,—that is, if the evidence in his favor *outweighs* or *overbalances* that against him—it is impossible for a jury not to entertain a reasonable doubt as to his guilt.—*Browning v. The State*, 30 Miss. 656.

We see no error in the refusal of the other charges requested by the defendant. Most of them are affected with the vice of assuming that the defendant was free from fault in the inauguration of the difficulty, or, at least, in failing to submit this aspect of the case to the jury for their determination. The others are ambiguous and involved in meaning, and were calculated to mislead the jury, and, for this reason, were properly refused.

For the error above mentioned, however, the judgment of the Circuit Court is reversed, and the cause remanded for a new trial. The prisoner will, in the meanwhile, be retained in custody, until discharged by due course of law.