# Peagler et al. v. State.

*Indictment for Murder.*

110    11
117    55
f118 681

110    11
121    37
f122 676

110    11
124    21
124    22

1. *Reasonable doubt; charge to the jury.*—In a criminal prosecution, a charge which instructs the jury that "if from the evidence you have reason to doubt the guilt of the defendant, you should acquit," requires too high a degree of proof, is misleading, and should be refused.

2. *Limiting argument of counsel; constitutional guaranty.*—The provision of the constitution guaranteeing to a defendant in a criminal prosecution that "he has a right to be heard by himself and counsel or either," does not deprive the trial court of the discretionary power to limit the argument of the defendant's counsel to a certain length of time, provided in the exercise of this discretion the accused is, under the facts and circumstances of each particular case, not denied the full measure of his constitutional right.

APPEAL from the Circuit Court of Butler.

[Peagler *et al.* v. The State.]

Tried before Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

GAMBLE & POWELL, for appellants —The charge which instructed the jury that "if from the evidence you have reason to doubt the guilt of the defendants, you should acquit them," should have been given. This court has said : "Words are to be construed in their popular sense —the plain sense in which the people generally understand them—unless it plainly appears from the writing in which they appear, that they were intended to be employed in some other sense."—*Harrison v. State*, 102 Ala. 172. We invoke this doctrine in the consideration of the charge requested by defendant and refused by the court below. Satisfaction beyond a reasonable doubt is the measure of proof in a criminal case. When the juror is satisfied to this degree, there can not be in his mind any reason for doubt, or any reason to doubt the guilt of the accused.

The limitation of the argument of appellant's counsel denied him his constitutional right, and was, therefore, erroneous.—Weeks on Attorneys, § 115; Proffatt on Jury Trials, § 254; *Yeldell v. State*, 100 Ala. 29 ; *State v. Collins*, 70 N. C. 241.

WILLIAM C. FITTS, Attorney-General, for the State. The charge which instructed the jury that they should acquit the defendants if they had reason to doubt their guilt was erroneous. A "reason to doubt" is not the equivalent of "a reasonable doubt." The expressions are not the same, and equivalent the one to the other. The jury might peradventure have had an isolated reason to doubt—a very unreasonable reason probably— and yet, upon the whole evidence, they might entertain no reasonable doubt of the defendant's guilt.—*Munkers v. State*, 87 Ala. 94.

The limitation of the arguments on each side to one hour and a half was a reasonable and fair use of the power in that regard vested in the circuit court, and did not deprive the attorneys for the prisoners of a reasonable opportunity to make ample defense for their clients. *Yeldell v. State*, 100 Ala. 26.

COLEMAN, J.—The appellants were indicted and convicted of murder in the second degree, and judgment and sentence rendered according to the verdict. Two questions are presented in the arguments and briefs of counsel for revision. The first is, that the court erred in refusing to charge the jury as follows: "If from the evidence you have reason to doubt the guilt of the defendants, you should acquit them." The principle and phraseology of this charge, was considered in the case of *Munkers v. The State*, 87 Ala. 94, and it was held to be an incorrect charge. This ruling was followed in the more recent case of *McQueen v. The State*, 18 So. Rep. 843. The soundness of our conclusions in these cases is assailed, and it is now strenuously insisted, that they be over- ruled. Counsel seem to have overlooked the cases, of *Ray v. The State*, 50 Ala. 104, and *Bain v. The State*, 74 Ala. 38, in which it was held that the definition that "a rea- sonable doubt was a doubt for which a reason could be given," was misleading, and should be refused. It is conceded that in all criminal prosecutions, a verdict of guilty cannot legally be returned, unless the jury are satisfied beyond a reasonable doubt from the evidence of the defendant's guilt, and a refusal to so instruct the jury is error. This was the recognized law when the cases cited were decided, and has always been the law in this State. We think it may be safely asserted that an instruction so worded as to impress a court or jury with the understanding that it asserts a different degree of proof to authorize a conviction, is calculated to mis- lead, however plain and simple its meaning may appear to and made to appear by learned and ingenious counsel, and all such charges may be safely refused as misleading and confusing.

Evidence may admit of different constructions. Reas- ons may be given for both constructions, but the reas- ons for one may be weak and unsatisfactory, while the reason for the other may be satisfactory to that degree which satisfies the mind beyond a reasonable doubt. If the charge had read as follows: "If from the evidence you have no reason to doubt the defendant's guilt, then the jury may convict," certainly such an instruction would have exacted too high a degree of proof, and for this reason might have been refused. There may be a reason to doubt, which does not justify a reasonable

[Peagler *et al.* v. The State.]

doubt or the inference of probable innocence. The inquiry suggests itself, why counsel should adopt the phraseology used, instead of the well known charge, "that if from the evidence, you have a reasonable doubt of the guilt of the defendant, you must acquit," unless it was supposed that it would produce a different effect on the mind of the jury, and require more proof for a conviction. We are of opinion our rulings upon this and similar charges are correct, and we re-affirm them.

The next error assigned is, that the trial court deprived the defendants of their constitutional right to be heard by counsel, in that the court limited counsel to one hour and a half for argument. The constitution does not specify the time nor the number of counsel, to which a person accused by a criminal prosecution is entitled. It provides that "he has a right to be heard by himself and counsel or either." This provision guarantees him the right to be heard on all questions of law and fact which may arise at any time during the prosecution, and it implies that he shall have full opportunity and time as justice and the necessities of the case may require. Necessarily the trial court is invested with a large and very responsible discretion in determining and affording to the accused the full measure of his constitutional right. Like any other adjudication by the trial court, involving the rights of a party on trial, its judgment is revisable by this court. When the question is presented here, we determine whether the discretion has been abused, whether the party has been deprived of his right to be fully heard, as provided. Where the right has been wholly denied, or action taken in the absence of the accused, the duty of this court is plain. But where the question depends upon the manner in which a discretion has been exercised, the duty of this court in reviewing the conclusion of the trial court is often difficult. When it is presented as it is in this case, the duty devolves upon this court to examine the record, and consider the gravity of the charge against the accused, the number and character of legal questions and facts involved, and determine from a consideration of them all, whether the time allowed was ample to secure complete justice to the defendant. We have applied this test in the present case, and are of the opinion that an hour and a half allowed to counsel was sufficient. The prosecu-

tion consumed only one hour, and the defense its full time of an hour and a half. The fact that the counsel who opened for the defense occupied most of the time and left only a short time for his associate, can have no effect upon the question. The apportionment of the time allowed was optionary with them. After a careful consideration of the whole case, we are unable to see that in exercising its discretionary power any right was denied the appellants.

Affirmed.

## Indictment for Murder.

