# Avery *v.* The State.

*Indictment for Assault With Intent to Murder.*

1. *Conduct of one accused of crime, ordinarily admissible evidence.* the conduct of one accused of crime in either admitting guilt or, if the circumstances are such as to call for speech, in remaining silent when the charge is made, is ordinarily admissible evidence against him.

2. *Charge on reasonable doubt; what is confusing.*—A charge "that a reasonable doubt is a doubt growing out of the evidence for which a reason may be given," is calculated to confuse and mislead the jury; and the giving of it was not error. The decisions on this point in *Cohen v. State,* 50 Ala. 108; *Hodges v State,* 97 Ala. 37, and *Walker v. State.* 23 So. Rep. 149, are over-ruled. (HARALSON and DOWDELL, JJ., dissenting.)

APPEAL from Lee Circuit Court.

Tried before Hon. A. A. EVANS.

The facts are sufficiently set out in the opinion. The part of the oral charge excepted to is as follows : "Mercy does not belong to you. No question of mercy, sentiment or anything else resides with you except the question as to whether or not you believe from the evidence beyond a reasonable doubt that the defendant is guilty." The following are the two charges refused to the defendant: "1. I charge you, gentlemen of the jury, that a reasonable doubt is a doubt growing out of the evidence for which a reason may be given." "2. I charge you gentlemen of the jury, that a reasonable doubt is such a doubt growing out of the evidence as would occur to the mind of a reasonable man."

[Avery v. The State.]

BARNES & DUKE, for appellant, cited on the question of reasonable doubt, *Jones v. State,* 25 So. Rep. 204; *Hodge v. State,* 97 Ala. 37; *Roberts v. State,* 25 So. Rep. 238.

CHAS. G. BROWN, Attorney-General, for the State, cited, as laying down the correct rule, *Talbert v. State,* 25 So. Rep. 690.

SHARPE, J.—The defendant was tried for an assault with intent to murder one Ingersoll by shooting him. The offense was committed in the dark and the main question of fact was as to the identity of the offender. A witness for the State was allowed to testify that just after the shooting he heard one Wallace say the defendant had shot Ingersoll, and that when Wallace said this he was about twenty or thirty feet from and near enough to be heard by the defendant. The conduct of one accused of crime in either admitting guilt or if the circumstances are such as to call for speech, in remaining silent when the charge is made, is ordinarily admissible evidence against him. The bill of exceptions does not purport to set out all the evidence and in the absence of evidence as to what the defendant did or said when the accusation was made we cannot assume that the testimony was incompetent.

As to the propriety of charge 1 the decisions of this court are conflicting. In *Ray v. State,* 50 Ala. 104 it was said by the court that "every reason whether based on substantial grounds or not, does not constitute a reasonable doubt in law" and accordingly a charge embodying a definition of the term reasonable doubt as "a doubt for which a reason could be given," was condemned as "calculated to confuse the jury." This decision was referred to and approved in *Peagler v. State,* 110 Ala. 11; and in *Roberts v. State,* 25 So. Rep. 238, and again in *Talbert v. State, Ib.* 690 the refusal of charges asserting such definition was upheld for the stated reason that "a doubt for which a reason may be given is not necessarily a reasonable doubt although a reasonable doubt may be a doubt for which a reason may be assigned." According to common acceptation to give a reason for the existence of a

[Avery v. The State.]

mental condition is to state why it exists, and in that sense a reason may be given for any degree of doubt, and a reason is nevertheless a reason though it be based upon mere conjecture or on matters disconnected from the evidence and improper to be considered by the jury. Therefore we hold to the opinion that charge 1 was calculated to confuse and mislead the jury and that its refusal was not error. The decisions on this point in *Cohen v. State,* 50 Ala. 108, *Hodge v. State,* 97 Ala. 37, and *Walker v. State,* 23 So. Rep. 149 are overruled. The cases of *Ellis v. State,* 25 So. Rep. 1, and *Jones v. State, Ib.* 204 upholding the giving of similar charges, are not in conflict with this. The vice of such charges being only in their tendency to mislead, under the settled rule, neither the giving nor refusal of them is reversible error. (Haralson and Dowdell, J.J., dissenting.)

Charge 2 is subject to the same objections as charge 1.

There was no error in the part of the oral charge excepted to.

The judgment will be affirmed.

HARALSON and DOWDELL, JJ., dissenting.—The case of *Peagler v. The State,* 110 Ala. 11, is relied on by the majority as opposed to the charge here condemned, but on examination it will not so appear. The charge there passed on was, "If from the evidence you have reason to doubt the guilt of the defendant, you should acquit," which was held to exact too high a degree of proof and was misleading. That was the extent of that decision on the question of reasonable doubt. It did not overrule the cases sustaining this charge. It was simply said argumentatively,—overlooking the decisions sustaining the charge,—that counsel seemed to have overlooked the case of *Ray,* 50 Ala. 104, and *Bain v. The State,* 74 Ala. 38,—holding that a reasonable doubt was a doubt for which a reason could be given, was misleading. *Bain's* case, when properly construed, does not sustain *Ray* and overrule *Cohen,* but *Hodge's* case does sustain *Cohen* in preference to *Ray. Walker's* case, 117 Ala. 45, a later decision than the *Peagler* case, sustains the charge, adhering to *Hodge's* case.

There can be no question but that every doubt one has,

is a doubt for which a reason may be given, but it does not follow that a doubt for which a reason can be given is necessarily a reasonable doubt.—*Roberts v. The State,* 25 So. Rep. 239. In the case just cited, the charges were, (9) "If the jury after considering all the evidence in the case, have a doubt as to the guilt of defendant, they must acquit the defendant;" and, (19) "If a single juior has a doubt of the guilt of defendant, for which he can give a reason, there can be no conviction." As to these charges it was said: "A mere doubt however honestly entertained is not enough upon which to base an acquittal, nor is a doubt for which a reason may be given necessarily a reasonable doubt, although a reasonable doubt may be a doubt for which a reason can be assigned." The charges there condemned were different from the charge we now have before us, and what was there said cannot be taken as in condemnation of this charge. It seems axiomatic, therefore, that a charge asserting the proposition, that a reasonable doubt is one for which a reason may be given is correct, and without misleading tendencies, a fault to which the majority of the court hold the charge is subject. But it occurs to us, that the word *reasonable* as employed in the charge, as qualifying the doubt hypothesized, *ex vi termini* and necessarily excludes a bad or capricious reason. It is not denied, as we understand, by the majority, that the definition of a reasonable doubt as contained in the charge is abstractly correct. May it not then be asked, Can it be reasonably said that giving to the jury a correct definition of a *reasonable* doubt, has any greater misleading tendencies than to instruct them to acquit if they entertain a reasonable doubt of the defendant's guilt? And yet, this latter proposition is universally upheld by the courts.