# Caddell *v.* The State.

## *Indictment for Murder.*

1. *Indictment for murder; evidence; effect of general objection.*
Where a general objection is interposed to the whole of the
evidence of a witness, it is properly overruled if any of the
evidence is admissible.

2. *Homicide; admissibility of evidence.*—Where a husband is jointly
indicted with a woman for the murder of his wife, and there
is evidence tending to show unlawful and criminal relations
between the husband and his co-defendant, who staid at the
defendant's house, the testimony of the mother of the deceased
that she had seen between the defendant and his co-defendant
acts of undue familiarity and that she had never heard of
the defendant and his wife having any trouble until after
the derendant's paramour went to his house, is admissible.

3. *Same; same.*—In such a case, the acts of undue and improper
intimacy between the defendant and his co-defendant are ad-
missible as tending to show the defendant's infatuation for
the woman and as disclosing a motive for instigating a crime.

4. *Same; same.*—In such a case, as evidence and motive induced by
actual interference, it is permissible to prove the institution
by the deceased of a prosecution of the defendant's paramour
for adultery with the defendant; and for this purpose to in-
troduce in evidence an affidavit and warrant in such prosecu-
tion.

5. *Homicide; admissibility of evidence.*—On the trial under an in-
dictment for murder, the statements made by one present at
the homicide and at the time the defendant was attempting
to flee just after the homicide, in which he instructed an offi-
cer to hold the defendant or to kill him, is admissible as a
part of the *res gestae.*

6. *Homicide; same.*—On a trial under an indictment for murder,
where the defendant was jointly indicted with a woman, it
is not permissible for the defendant who is separately tried,
to prove that his co-defendant was, at the time of the trial,
an inmate of an insane hospital.

7. *Charge of court to jury; not reversible error to give misleading
charge.*—Although a charge which instructs the jury that "a
reasonable doubt is a doubt arising out of the evidence for
which you can give a reason or cause," is calculated to con-

fuse and mislead the jury, the giving of such charge by the court as a part of its oral charge does not constitute reversible error.

8. *Conspiracy; need not be proved by direct evidence.*—Conspiracy need not be proved by direct evidence, and a charge which so instructs the jury is free from error.

APPEAL from the Circuit Court of Bibb.

Tried before the HON. W. F. HOGUE, Special Judge.

The appellant in this case, Festus Caddell, was jointly indicted with Lillian Gardner alias Lilly Gardner, for the murder of Mamie Caddell, the wife of Festus Caddell, by shooting her with a pistol. On motion of the defendant a severance was had and the defendant in the present case was tried separately, was convicted of murder in the first degree and sentenced to the penitentiary for life.

The evidence of the state tended to show that the defendant, Festus Caddell and his co-defendant, Lillian Gardner, conspired together to kill Mamie Caddell the deceased; that Lillian Gardner was the paramour of Festus Caddell and the illicit relation between them had been sustained for some time; that Mamie Caddell was killed by a pistol shot which was fired by Lillian Gardner; that this shot was fired just after Lillian Gardner had a conference with Festus Caddell. The facts relating to the circumstances of the killing, on this appeal, are substantially the same as they were when this case was in this court on the former appeal, and special reference is here made to the report of the case on that appeal. *Caddell v. State,* 129 Ala. 57.

One A. P. Davidson was introduced as a witness for the State and testified that he knew Mamie Caddell and the defendant, Festus Caddell. In answer to the interrogatory propounded to him as to whether or not he had ever heard the defendant make any threats against his wife, the witness answered that he heard the defendant some weeks prior to the killing say that he would kill andbody that would interfere with him and Mrs. Gardner. There was other testimony on the part of the wit-

ness Davidson relative to the relation existing between the defendant and Mrs. Gardner.

Against the objection and exception of the defendant the state proved that Mamie Caddell, the deceased, had commenced a prosecution against Mrs. Gardner for living in adultry with the defendant, Festus Caddell by making an affidavit to that effect before a justice of the peace, upon which affidavit a warrant was issued. This affidavit and warrant were introduced in evidence against the objection and exception of the defendant.

The defendant offerred to prove that Mrs. Gardner was at the time of the trial an inmate of an insane hospital. Upon the state objecting to the introduction of this evidence, the court sustained the objection and refused to allow the defendant to prove that Mrs. Gardner was an inmate of an insane hospital. To this ruling the defendant duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The defendant separately excepted to the following portions of the court's oral charge to the jury: (1.) "A reasonable doubt is a doubt arising out of the evidence for which you can give a reason or cause." (2.) "That conspiracy need not be proven by direct evidence."

CATO D. GLOVER, for appellant, cited *Henson v. State,* 123 Ala. 16; *King v. State,* 89 Ala. 47; *Ford v. State,* 71 Ala. 385 *Gardner v. State,* 96 Ala. 12.

CHAS. G. BROWN, Attorney-General and W. W. LAVENDER, for the State, cited *Caddell v. State,* 129 Ala. 57; *Bishop v. State,* 30 Ala. 34; 16 Amer.& Eng. Encyc. of Law, (2d ed.) 606-7; *Gardner v. State,* 96 Ala. 12; *Williams v. State,* 83 Ala. 70; *Marks v. Lienkauff,* 93 Ala. 464.

HARALSON, J.—The objection to the evidence of the witness, Davidson, was general and to the whole of it in mass. If any of it was good, as some of it evidently was, the objection was bad.—*Caddell v. State,* 129 Ala. 57. But there appears to have been no exception reserved to the ruling admitting it.

[Caddell v. The State.]

The state proved threats made by defendant against the deceased, his wife, only a few days before the killing. The mother of the deceased, examined by the State, testified that she was with Mrs. Gardner, the alleged paramour of the defendant, who slew deceased, in defendant's· house at Blocton, and saw acts of undue familiarity between them, and she never heard of defendant and his wife having any trouble until after Mrs. Gardner went to their house. The bill of exceptions following this evidence states: "Objected by defendant, and objection overruled and exempt." It may be, the last word was intended for *except*. Granting that the exception was properly reserved, the testimony was competent as tending to show the feeling of defendant and his paramour against deceased, and the motive that prompted her destruction by the paramour, aided and encouraged, as contended by the state, by the defendant.

That there was no error in admitting the warrant sworn out by deceased against defendant and Mrs. Gardner, for living in adultery, was decided on the former appeal.

A witness who saw the killing testified, that just before the killing, defendant called Mrs. Gardner out of the room where the shooting occurred, and whispered to her a few words in a short excited tone, when Mrs. Gardner returned to the room where deceased was, and shot her, after deceased asked her, if a certain garment was hers. He further stated, that defendant came running into the room with his hands up, saying, "Oh Lillie! Oh Lillie! What have you done!" and went to Mrs. Gardner, who by that time had fallen on the floor, and kissing her cheeks, started to go out of the back door of the house, when the witness said to the officer in defendant's presence, "Hold him or kill him." To this remark defendant excepted. We find no error here. It was just at the time of the killing, and was a part of the *res gestae* of his attempted flight, tending to show consciousness of guilt on his part.

There was no error in the refusal of the court to allow the defendant to prove that Mrs. Gardner was, at the time of the trial, an inmate of the Insane Hospi-

tal. The killing occurred on the 29th day of May, 1899, and this trial was had on the 12th of March, 1902. If it was competent to show that she was insane at the time of the trial, this could not be done by evidence that she was an inmate of the Insane Asylum at the date of the trial.

The part of the oral charge of the court in respect to reasonable doubt, was calculated to confuse and mislead, but its giving, on that account, was not reversible error.—*Avery v. State*, 124 Ala. 20; *Cawley v. State*, 133 Ala. 130. Nor was there error in charging that conspiracy need not be proved by direct evidence.

Affifmed.

