(127 So. 188)
## DISMUKES v. TRIVERS CLOTHING CO., Inc.
### 6 Div. 531.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

C. C. Nesmith, of Birmingham, for appellant.

Clark Williams, Dent Williams, and N. S. Morgan, all of Birmingham, for appellee.

## FOSTER, J.

This is a suit by appellant against appellee for malicious prosecution. The court left the issue to the jury upon an appropriate oral charge and gave some special charges at the instance of appellee. There were exceptions taken by appellant to the rulings of the court on the introduction of evidence, and they and the charges given at the instance of appellee were assigned as error.

The first assignment of error relates to the refusal of the court to permit appellant to ask his witness a leading question. This was discretionary with the trial court. We do not find that this discretion was abused. Section 7732, Code; 12 Michie Dig. Ala. Rep. 1195.

It was not improper on cross-examination of plaintiff's witness, an officer who investigated the charge and arrested plaintiff, for defendant to inquire as to the facts which induced him to make the arrest. Patton v. State, 197 Ala. 180, 72 So. 401; Yarbrough v. State, 115 Ala. 92, 22 So. 534.

The answer to the question of whether plaintiff's witness who swore out the warrant for his arrest had heard any complaint before about his checks being bad was not prejudicial. Defendant had the right to show also what information was possessed by the officer which was influential or may have been influential in causing them to begin the prosecution. When plaintiff was requested to go to police headquarters, he was directed by this officer to write the name of the man whose signature was supposed to be forged. This officer testified to that on direct examination, and that he then told plaintiff after he had willingly done the writing, "You are it." On cross-examination it was not error for him to express his opinion, though not an expert on handwriting, as to a comparison of the signatures. It tended to show the basis of the act of this witness in swearing out the warrant. This was not improper on cross-examination. On the same principle it was not improper on such cross-examination to ask if defendant's manager did not simply give the information and left it to the officer, and his answer, "I guess he did."

What occurred after the case against plaintiff was disposed of showing that some one else committed the crime, but that this was not and could not have been known to defendant when the case against plaintiff was begun and heard, is not admissible. The question is what was known to defendant when the prosecution was begun and continued, and not what was afterwards known or may have occurred. Hanchey v. Brunson, 175 Ala. 236, 56 So. 971, Ann. Cas. 1914C, 804; American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636.

We do not understand that it is expressive of a conclusion for a witness in a malicious prosecution suit to state whether in fact he requested the arrest of plaintiff, though that may be one of the principal issues in the case. It calls for a fact within his knowledge and not a conclusion.

At the conclusion of the evidence counsel for plaintiff offered to read to the court from the opinion of the Court of Appeals in Wood v. Hacker, 121 So. 437;[1] thereupon the court instructed the jury to retire during the reading of this opinion. Counsel for plaintiff insisted that he had a right to read to the court principles of law in the presence of the jury. The court persisted in requiring the jury to retire, over the objection of plaintiff, and he excepted to the ruling of the court in this respect.

Many cases have been considered in which the trial judge permitted counsel to read to him or to the jury extracts from opinions of this court and of the Court of Appeals. The question has usually, if not uniformly, arisen when the court permitted such extracts to be read, and not when the privilege was denied. These authorities are collated in the opinion on rehearing in Louisville & N. R. R. Co. v. Cross, 205 Ala. 626, 630, 88 So. 908, 911. In that case it is said that "the enjoyment of this right * * * is committed to the sound, revisable discretion of the trial court. Peagler's Case, 110 Ala. 11, 14, 20 So. 363; * * * 1 Thompson on Trials (2d Ed.) § 951. The basis for appellate review and reversal for error in such a matter lies in the finding that this discretionary power has been abused." It is also said that this privilege is "subject to the trial court's peculiar control." When counsel are discussing the law of the case, it is pointed out in Western Union Tel. Co. v. Benson, 159 Ala. 254, 275, 48 So. 712, that the court may exclude the jury from the hearing. Parties have no legal right to have the jury hear such controversies, for juries must "receive the law from the court, and not from either the counsel, or from text-books or adjudged cases." Harrison v. State, 78 Ala. 5, 12. But the court has a wide discretion in permitting such discussions to be conducted in the presence of the jury and in permitting statements of a legal principle to be read to the jury from recognized authorities. 1 Thompson on Trials (2d Ed.) pp. 790, 791, 795.

The bill of exceptions does not show just what portion of the opinion in Wood v. Hacker, supra, plaintiff's counsel offered to read in the presence of the jury. Whether the jury

---
[1] 23 Ala. App. 12.

32

should hear any of it was primarily discretionary with the presiding judge. We conclude there was no error in this respect, as plainly there was no abuse of discretion.

In the case of Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754, 756, a suit for false imprisonment, this court referred to the fact that, if an "officer acts solely upon his own judgment and initiative, the defendant would not be responsible * * * even though he were actuated by malice or other improper motive"—citing Rich v. McInerny, 103 Ala. 345, 357, 15 So. 663, 49 Am. St. Rep. 32. This principle is equally applicable to suits for malicious prosecution.

Giving information of a crime to officers, or a request that the officers investigate a crime is not aiding or abetting or instigating a prosecution, unless such information was a misrepresentation of the facts in order to induce action, or there was a suppression of known material facts. American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636; Ib., 217 Ala. 244, 115 So. 176. It may be that charges 5 and 8, given at the instance of defendant, could have been refused for failing to hypothesize that the information furnished was true, and that it stated all the material facts within the knowledge of defendant. But, if a misleading tendency resulted from such omission, reversal does not necessarily follow. We conclude there was no prejudicial error in giving them, when considered in the light of the oral charge of the court.

We have concluded that the assignments do not show reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.