Edward Williams, the appellant, was charged in two separate indictments with the sale of marijuana. The cases were consolidated for trial and a jury found him guilty in each case. In each case he received a five-year sentence which was suspended on the condition that Williams serve two years' imprisonment with three years on probation, with the split sentences to run concurrently. Three issues are raised on appeal.
 I
Williams argues that the trial judge erred when he instructed the jury that a reasonable doubt was a doubt based on "a real reason, a substantial reason." He contends that the use of "real" and "substantial" to modify reason instead of doubt constitutes error.
In his oral charge the trial judge instructed the jury that a reasonable doubt is a doubt "based on a reason, a real reason, a substantial reason." After defense counsel objected, the trial judge stated:
 "[T]his reasonable doubt means a doubt for which there is a reason. A real reason for doubt. . . . A real reason for doubt, that's what a reasonable doubt is, a reason to doubt. A reason that comes from the stand to doubt the guilt. A real reason, a substantial reason, that comes from what you heard, all of it, part of it, lack of it."
Defense counsel made further objection because he did not believe the jury needed "a real reason. They just need some inference and some doubt to be able to make up their mind." We find no error in the judge's instructions.
In Hall v. State, 54 Ala. App. 198, 202, 306 So.2d 290 (1974), cert. denied, 293 Ala. 757, 306 So.2d 286 (1975), it was recognized that a reasonable doubt is properly defined as "a doubt for which a reason may be given", and the following charge was approved: "A reasonable doubt means a real doubt or a substantial doubt growing out of the evidence. It is a doubt for which a reason can be given."
However, our Supreme Court has viewed this definition of reasonable doubt more critically. In Ray v. State, 50 Ala. 104,108 (1874), that court held: "The second [charge] is incorrect, in defining a `reasonable doubt' as one for which a `reason' can be given. Every reason, whether based on substantial grounds or not, does not constitute a reasonable doubt in law." See also Roberts v. State, 122 Ala. 47, 25 So. 238, 241 (1899) ("A mere doubt, however honestly entertained, is not enough upon which to base an acquittal. Nor is a doubt for which a reason may be given necessarily a reasonable doubt, although a reasonable doubt may be a doubt for which a reason can be assigned"). "Obviously this is true, since the doubt must be actual and substantial to entitle a defendant to an acquittal, and therefore a reasonable doubt, while a doubt for which a reason can be given may be capricious, speculative, and without the shadow of substance." Talbert v. State, 121 Ala. 33,25 So. 690, 692 (1899). "There can be no question but that every doubt one has, is a doubt for which a reason may be given, but it does not follow that a doubt for which a reason can be given is necessarily a reasonable doubt." Avery v. State, 124 Ala. 20,27 So. 505, 506 (1900) (Justices Haralson and Dowdell dissenting). "There may be a reason to doubt, which does not justify a reasonable doubt or the inference of probable innocence." Peagler v. State, 110 Ala. 11, 20 So. 363-64 (1896).
 "According to common acceptation, to give a reason for the existence of a mental condition is to state why it exists, and in that sense a reason may be given for any degree of doubt; and a reason is nevertheless a reason, though it be based upon mere conjecture, or on matters disconnected from the evidence and improper to be considered by the jury." Avery, 27 So. at 506. *Page 212 
Although a requested charge which defines reasonable doubt as a doubt for which a reason can be given is misleading, Bain v.State, 74 Ala. 38, 39 (1883), its giving or refusal does not constitute error. Caddell v. State, 136 Ala. 9, 34 So. 191, 192
(1903); Avery v. State, 124 Ala. 20, 27 So. 505, 506 (1900).
While the instruction in this case may be subject to criticism, it is not erroneous in light of the authorities cited above. When read in conjunction with the entire oral charge, the objectionable portions were intended to impress on the jury the distinction between a reasonable doubt and a vague, imaginary, or possible doubt, and do not constitute such error as to require a reversal. "The doubt which requires an acquittal in a criminal case is actual and substantial. It is not any doubt, for some minds indulge doubts on every question which may be suggested, and on which they must act. It is not mere possibility or speculation, for these the imagination creates. It is the doubt the evidence generates; when the jury, carefully weighing all the evidence, cannot say they feel an abiding conviction of the defendant's guilt. This is the most frequent definition of a reasonable doubt, and is perhaps as accurate as any which could be given." Owens v. State, 52 Ala. 400,404-05 (1875).
 II
The prosecutor's reference to infamous criminals of history in his closing argument did not constitute reversible error.
Williams sold marijuana to a Birmingham police officer who was working as an undercover agent in the purchase of drugs in Montgomery. At trial a number of defense witnesses testified to Williams' good character. In his argument to the jury, defense counsel stated that Williams'"character has not been impeached. He has good character." He argued that the undercover agent had "lied", that the "whole case is on credibility", and that Williams is "one good man".
 "MR. TRAEGER (Deputy District Attorney): He (Defense counsel) wanted to talk to you a little bit about the character of this gentlemen over here. It's been unimpeached, unchallenged. Now I want to tell you some about some other people's character who wasn't challenged until a particular point but first I want to submit to you, ladies and gentlemen, Mr. Ed Williams, deacon of the church, didn't do anything more than hide under the sancity of the church to come in here today.
 "MR. BELL (Defense Counsel): Your Honor, I object to that.
"THE COURT: Overruled.
 "MR. TRAEGER CONTINUING: Not going to bore you with any history lessons or anything but when you talk about character, I think some of the obvious figures that leap out from the pages of history had good, unimpeached character — until a certain point. I think you'll see Brutus obviously, the guy that had the best character among the court of Rome — until he assassinated Caesar. You've got Benedict Arnold that every school kid has —
 "MR. BELL: Your Honor, I think that these — that these remarks are uncalled for, that Benedict Arnold is not on trial. I wish he were.
"THE COURT: All right. Overruled . . Let's move on."
We cannot find objectionable the prosecutor's references to Brutus and Benedict Arnold when our Supreme Court has approved a reference to Judas. "Argument of counsel should not be so restricted as to prevent reference, by way of illustration, to historical facts and public characters, or to principles of divine law or biblical teachings." Wright v. State, 279 Ala. 543,550-51, 188 So.2d 272 (1966). See also Barbee v. State,395 So.2d 1128, 1134-35 (Ala.Cr.App. 1981). There was evidence that Williams was a deacon in his church and respected in his community. There was also the State's evidence that he "sold dope". Under this evidence, it was permissible for the prosecutor to make allusion to other *Page 213 
villains who had wrapped themselves in the cloak of respectability.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.