Rel: April 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

————————————————

### SC-2023-0741

————————————————

**Carl Michael Seibert**

**v.**

**Lorri Stricklen and Zoe Aldige**

**Appeal from Madison Circuit Court**
**(CV-18-901928)**

SELLERS, Justice.

Carl Michael Seibert appeals from a summary judgment entered by

the Madison Circuit Court in favor of Lorri Stricklen and Zoe Aldige on

his claims of malicious prosecution and abuse of process; moreover, he appeals from an order granting Stricklen and Aldige's motion -- made pursuant to the Alabama Litigation Accountability Act ("the ALAA"), § 12-19-270 et seq., Ala. Code 1975 -- for attorney fees and costs. For the reasons set forth below, we affirm in part, reverse in part, and remand with instructions.

Factual Background

Seibert and Stricklen were married in Huntsville on February 14, 1999. After 13 years of marriage, they began discussing a divorce; Stricklen moved out of their marital residence into a nearby property owned by Seibert. On January 13, 2013, Stricklen filed a divorce complaint in the Madison Circuit Court. Attached to the complaint was a "standing pendente lite order," which provided, in relevant part:

> "The following pendente lite order is entered pursuant to the Standing Order of the circuit judges of the 23rd Judicial Circuit, and shall be binding on both parties during the pendency of the action, pending further orders of the Court. FAILURE TO ABIDE BY THESE PROVISIONS WILL SUBJECT THE DEFAULTING PARTY TO PENALTIES FOR CONTEMPT OF COURT. Accordingly, with reference to the case noted above, it is ORDERED, ADJUDGED, AND DECREED as follows:

"1. Injunction Against Harassment: Both parties are restrained and enjoined from contacting or going about one another at their respective residences or places of employment, or elsewhere, for the purpose of harassing, threatening, intimidating, or assaulting the other, directly or indirectly, in person or by means of telephone, computer, mail, or otherwise."

(Emphasis and capitalization in original.)

In the months following the filing of the divorce complaint, Seibert believed Stricklen was having an affair with another man, so Seibert began to gather evidence for the divorce proceeding. One night in August 2013, Zoe Aldige, Stricklen's next-door neighbor, noticed someone walking around Stricklen's home and peeking into the windows. Aldige turned on her light, identified the person as Seibert, and asked him what he was doing. Shortly thereafter, Aldige relayed to Stricklen what she had seen and heard. Furthermore, on August 13, 2013, two private investigators hired by Seibert followed Stricklen to a house occupied by her supposed paramour; one of the investigators, Rick Johnston, observed them for around 11 hours. Before leaving at approximately 5:00 a.m. on August 14, 2013, Johnston telephoned Seibert and notified him of the location of the house. Thereafter, Seibert arrived at the house with a camera and photographed Stricklen's automobile parked in the

3

driveway. A few moments later, Stricklen and the man exited the house. When Stricklen noticed Seibert standing in the street with his camera, she quickly left.

On August 26, 2013, Stricklen conferred with Huntsville Police Department Investigator Angela DeNoon. After that interview, Investigator DeNoon filed a criminal complaint against Seibert, and Seibert was arrested the following day and charged with aggravated stalking in the second degree, which is a felony. On December 6, 2013, a grand jury indicted Seibert on that charge. After initially agreeing to a plea deal, Seibert withdrew his plea. Thereafter, Seibert and Stricklen's divorce case was tried, a divorce judgment was entered on July 10, 2014, and a certificate of divorce was issued on July 11, 2014. In September 2016, Seibert was tried on the charge of aggravated stalking in the second degree, but on September 17, 2016, a mistrial was declared due to a hung jury. Because of the emotional and physical toll on Stricklen, the State agreed to nol-pros the case against Seibert. On October 8, 2018, Seibert filed his complaint alleging malicious prosecution against Stricklen and abuse of process against Stricklen and Aldige.

Procedural History

On August 28, 2023, the trial court entered a summary judgment in favor of Stricklen and Aldige. The trial court noted that Seibert's case had effectively languished for 58 months, in large part due to Seibert's failure to conduct any meaningful discovery or to otherwise prosecute the case. Seibert even filed an affidavit conceding that he did not have enough evidence to oppose the motion for a summary judgment. The trial court found that if Seibert could not defeat a motion for a summary judgment after 58 months, a trial on his claims would be useless, and, accordingly, a summary judgment was entered in favor of Stricklen and Aldige.

Thereafter, on September 7, 2023, Stricklen and Aldige filed, pursuant to the ALAA, a motion for an award of attorney fees and costs. On September 14, 2023, Seibert filed a response to that motion, asserting that Stricklen and Aldige were not entitled to such relief and requesting that certain forms of discovery be made available to Seibert; specifically, Seibert requested that Stricklen and Aldige be made available for depositions. That same day, Seibert also filed a postjudgment motion, pursuant to Rule 59, Ala. R. Civ. P., requesting that the trial court vacate its summary judgment. On October 5, 2023, the trial court granted in

part Stricklen and Aldige's motion for an award of attorney fees and costs; moreover, the trial court denied Seibert's postjudgment motion. A few hours later, Seibert filed a notice of appeal.

## Standard of Review

"'On appeal, this Court reviews a summary judgment de novo.' DiBiasi v. Joe Wheeler Elec. Membership Corp., 988 So. 2d 454, 459 (Ala. 2008) (citing Ex parte Essary, 992 So. 2d 5, 8 (Ala. 2007)). In order to uphold a summary judgment, we must determine that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala. R. Civ. P. 'When the movant makes a prima facie showing that those two conditions have been satisfied, the burden then shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact.' Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So. 2d 949, 952 (Ala. 2004). Substantial evidence is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989); see also § 12-21-12(d), Ala. Code 1975. In reviewing a summary judgment, we must view the evidence in the light most favorable to the nonmovant. Johnny Ray Sports, Inc. v. Wachovia Bank, 982 So. 2d 1067, 1071 (Ala. 2007). 'Finally, this Court does not afford any presumption of correctness to the trial court's ruling on questions of law or its conclusion as to the appropriate legal standard to be applied.' DiBiasi, 988 So. 2d at 459."

Cartrett v. Baldwin Cnty. Elec. Membership Corp., 996 So. 2d 196, 199 (Ala. 2008).

## Discussion

### I.    Malicious Prosecution

It is well settled that "[m]alicious prosecution is an action disfavored in the law," Cutts v. American United Life Ins. Co., 505 So. 2d 1211, 1214 (Ala. 1987), because public policy demands "'that a citizen having reason to believe, or even suspect, that a crime has been committed, be permitted to direct the attention of the prosecuting officer towards its investigation, without exposure to the peril of being held liable for malicious prosecution in case of a failure of conviction,'" American Sur. Co.  v. Pryor, 217 Ala. 244, 248, 115 So. 176, 179 (1927) (quoting Ryan v. Orient Ins. Co., 96 Vt. 291, 119 A. 423, 425 (1923)). Thus, to defeat the motion for a summary judgment on his malicious-prosecution claim against Stricklen, Seibert needed to present substantial evidence demonstrating (1) that Stricklen had initiated a prior judicial proceeding; (2) that Stricklen had acted without probable cause; (3) that Stricklen had acted with malice; (4) that the prior proceeding had been terminated in Seibert's favor; and (5) that Seibert had suffered damage as a consequence of the prior proceeding. Delchamps, Inc. v. Bryant, 738 So. 2d 824, 831-32 (Ala. 1999). Although

7

Stricklen asserts that Seibert has not marshalled substantial evidence in support of any of those elements, the appeal as to this issue can be resolved on the first element alone.

"It is axiomatic that there can be no cause of action for malicious prosecution unless the evidence shows that the judicial proceeding was instigated by the defendant." Alabama Power Co. v. Neighbors, 402 So. 2d 958, 962 (Ala. 1981). Where, as here, a malicious-prosecution action concerns the initiation of a criminal proceeding, we have held -- for nearly a century -- that "[g]iving information of a crime to officers, or a request that the officers investigate a crime[,] is not aiding or abetting or instigating a prosecution, unless such information was a misrepresentation of the facts in order to induce action, or there was a suppression of known material facts." Dismukes v. Trivers Clothing Co., 221 Ala. 29, 32, 127 So. 188, 190 (1930). Indeed, so long as an "'officer acts solely upon his own judgment and initiative, the defendant [in a malicious-prosecution action] would not be responsible ... even though he were actuated by malice or other improper motive.'" Id. (quoting Standard Oil Co. v. Davis, 208 Ala. 565, 567, 94 So. 754, 756 (1922)).

Seibert's malicious-prosecution claim fails because there is no genuine dispute regarding the first element. The record shows that, following an interview with Stricklen on August 26, 2013, Investigator DeNoon summarized in a charge sheet the following facts gleaned from her interview with Stricklen:

> "[Seibert] has been served with three different documents: including a Standing Pendente Lite Order, Contempt of Court Order and a letter from [Stricklen's] attorney advising [Seibert] to stay away from [Stricklen]. [Seibert] has been seen since then looking into the windows at [Stricklen's] home at 11:30 at night and followed [Stricklen] to a friend's house where he waited and took pictures of her when she came out."

That same day, Investigator DeNoon signed a criminal complaint that stated the following:

> "BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF MADISON COUNTY, ALABAMA, PERSONALLY APPEARED INV A DENOON WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR BELIEVING, AND DOES BELIVE THAT CARL MICHAEL SEIBERT[,] DEFENDANT, WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, ... WITHIN THE ABOVE NAMED COUNTY AND ON OR ABOUT 8/14/13 ... VIOLATED THE PROVISIONS OF SECTION 13A-6-90.1 [OF THE CODE OF ALABAMA 1975] AND WHOSE CONDUCT IN DOING SO ALSO VIOLATED ANY COURT ORDER OR INJUNCTION, TO-WIT: DIVORCE DECREE WITH A PENDENTE LITE

ORDER ORDERING BOTH PARTIES RESTRAINED AND ENJOINED FROM CONTACTING OR GOING ABOUT ONE ANOTHER[;] ALSO A CONTEMPT IN VIOLATION OF SECTION 13A-6-91.1 OF THE CODE OF ALABAMA 1975 ..., AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA."

(Capitalization in original.) There is no dispute that Stricklen reported the events of August 14, 2013, to Investigator DeNoon; that Seibert was served with the documents described in the charge sheet; and that Investigator DeNoon was the person to bring a criminal complaint against Seibert. Nevertheless, Seibert contends that Stricklen "lied and committed perjury by asserting that Seibert had been enjoined by a court order that directed him to stay away from her." Seibert's brief at 17. Essentially, Seibert believes that the standing pendente lite order -- which served as the basis for the charge against him -- had no injunctive effect because (1) Stricklen never filed a motion pursuant to Rule 65, Ala. R. Civ. P., seeking injunctive relief; (2) Seibert never received a hearing; (3) no judge ever signed the order as required by Rule 58, Ala. R. Civ. P.; or (4) the order was entered in violation of Rule 83, Ala. R. Civ. P. But whether the standing pendente lite order actually had an injunctive effect was, at the time Stricklen brought to Investigator DeNoon's

10

attention Seibert's conduct, irrelevant. So even if we were to agree with Seibert's conclusion, that conclusion still would have no bearing on whether Stricklen misrepresented the facts to induce Investigator DeNoon to act or whether Stricklen suppressed known material facts. See Dismukes, 221 Ala. at 32, 127 So. at 190. It is undisputed that Stricklen informed Investigator DeNoon of Seibert's conduct, of the existence of the standing pendente lite order, and of the purported injunctive effect of the order on the parties. None of this constituted a misrepresentation of the facts at the time, nor could it be said that Stricklen suppressed known material facts. The issue, then, was not whether the standing pendente lite order was valid or effective, but merely whether the order existed. Accordingly, the trial court did not err in entering a summary judgment in favor of Stricklen on Seibert's malicious-prosecution claim.

II.    Abuse of Process

To overcome the motion for a summary judgment on his abuse-of-process claim against Stricklen and Aldige, Seibert had to present substantial evidence demonstrating "(1) the existence of an ulterior purpose; (2) the wrongful use of process; and (3) malice." Shoney's, Inc. v. Barnett, 773 So. 2d 1015, 1024 (Ala. Civ. App. 1999) (citing C.C. & J., Inc.

11

v. Hagood, 711 So. 2d 947, 950 (Ala. 1998) (plurality opinion)). Regarding the first element, Seibert avers that Stricklen and Aldige conspired by fabricating false evidence to support the felony charge against him so that Stricklen could acquire a favorable property settlement in the divorce proceeding. In support of this contention, Seibert offers nothing more than the bare statement that he had offered "in ... reply to the summary judgment motion substantial evidence regarding this element of an ulterior purpose." Seibert's brief at 33. Even assuming that Seibert buttressed this assertion with substantial evidence, Stricklen and Aldige are not liable simply because they allegedly had an ulterior purpose for pursuing criminal charges against Seibert. "[W]hereas [malicious prosecution] has to do with the wrong in the issuance of the process or in causing the process to be issued," Wilson v. Brooks, 369 So. 2d 1221, 1222 (Ala. 1979), abuse of process "rests upon the improper use of a regularly issued process." Clikos v. Long, 231 Ala. 424, 426, 165 So. 394, 396 (1936); see also Hagood, 711 So. 2d at 950 ("[A]buse of process concerns the wrongful use of process after it has been issued." (citing other cases)). Therefore, Seibert was required to present substantial evidence demonstrating that Stricklen and Aldige wrongfully used the criminal

process against him to achieve an improper result. See Hagood, 711 So. 2d at 950. However, Seibert's arguments pertain solely to the issuance of process and are thus relevant only to a malicious-prosecution claim and not to an abuse-of-process claim. In fact, Seibert has presented no evidence -- let alone substantial evidence -- demonstrating that Stricklen and Aldige "performed any act to further the criminal complaint after the issuance of process." Id. at 951. There is no evidence indicating that Stricklen or Aldige promoted or encouraged the prosecution or that the indictment was improperly used in the divorce proceeding to achieve a property settlement that Stricklen would not otherwise have been entitled to. Accordingly, the trial court did not err in entering a summary judgment in favor of Stricklen and Aldige on Seibert's abuse-of-process claim.

III.   Administrative Order

Seibert maintains that the trial court erred in denying his motion to strike Stricklen and Aldige's motion for a summary judgment because, Seibert believes, the motion was filed outside the time limitations imposed by a standing administrative order. That order required all dispositive motions to "be filed at least 60 days prior to trial." There is no

dispute that Stricklen and Aldige filed their motion for a summary judgment 61 days before trial. Seibert's contention, however, is that their motion was substantively deficient because, he says, it did not contain a narrative summary or otherwise comply with Rule 56, Ala. R. Civ. P., and Stricklen and Aldige brought their motion into compliance with Rule 56 less than 60 days before trial.

An administrative order is intended to assist with the administration of a circuit court's docket by giving the circuit court ample time to schedule motion hearings before trial. Thus, it is within the circuit court's discretion to entertain even a "deficient" motion for a summary judgment for the purpose of scheduling a hearing on the motion so long as the motion complies with Rule 56(c)(1) and (2) upon service. Indeed, Rule 56(c)(2) contemplates that a <u>hearing</u> on a motion for a summary judgment might be set well ahead of <u>service</u> of all the materials in support of the motion. Because Seibert was served with Stricklen and Aldige's motion for a summary judgment and its supporting materials more than 10 days before the time fixed for the hearing, <u>see</u> Rule 56(c)(2), the trial court did not err in denying his motion to strike the motion for a summary judgment.

IV.  Attorney Fees and Costs

Finally, Seibert argues that the trial court erred in awarding attorney fees and costs to Stricklen and Aldige under the ALAA. We agree.

"The plain language of § 12-19-270[, Ala. Code 1975,] states that the court must make its award of attorney's fees under the [ALAA] as part of its judgment on the merits of the case, 'in addition' to other costs assessed against a frivolous litigant." Baker v. Williams Bros., Inc., 601 So. 2d 110, 112 (Ala. Civ. App. 1992).

> "Additionally, we ... require a trial court making the 'without substantial justification' determination [required for an award of attorney fees and costs under Ala. Code 1975, § 12-19-272, of the ALAA] to make its determination, the ground or grounds upon which it relies, and the legal or evidentiary support for its determination, a part of the record, either by drafting a separate written order or by having these findings transcribed for the official record."

Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So. 2d 409, 418 (Ala. 1993).

In its summary judgment in favor of Stricklen and Aldige, the trial court noted "a claim pursuant to the ALABAMA LITIGATION ACCOUNTABILITY ACT by DEFENDANT[S] against PLAINTIFF" and

15

later stated "that DEFENDANTS have and are awarded judgment in their favor as to all claims of the COMPLAINT, and as against PLAINTIFF as to each claim in the above-styled case." (Capitalization in original.) Thus, it appears that the trial court made its award of attorney fees and costs as part of its judgment. But in a separate written order, the trial court determined:

> "After consideration, the 'PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS,' as filed by DEFENDANTS, incorrectly labeled as 'plaintiffs' motion, is hereby GRANTED IN PART. As to the DEFENDANTS' claim under the Alabama Litigation Accountability Act, and the Court taking judicial knowledge of all pleadings and proceedings had in the above-styled matter, the PLAINTIFF is hereby taxed with the DEFENDANTS' attorney's fees, costs and out of pocket expenses incurred in the defense of the above-styled case in the amount of $12,318.78."

(Capitalization in original.) Because we cannot discern the grounds upon which the trial court based its implicit determination that Seibert's lawsuit was brought "without substantial justification," see § 12-19-272, Ala. Code 1975, we must reverse the trial court's award under the ALAA and remand the case for further proceedings. "[T]he trial court is instructed, should it decide on remand to make a determination that the [lawsuit] was filed 'without substantial justification,' to set forth its

16

reasoning, based on the factors enumerated in Ala. Code 1975, § 12-19-273." Pacific Enters., 614 So. 2d at 419. Our court has consistently held that to award attorney fees and costs under the ALAA a trial court must provide detailed evidentiary support for its findings, see, e.g., Williams v. Board of Water & Sewer Comm'rs of the City of Prichard, 763 So. 2d 938, 942 (Ala. 1999), so that a reviewing court can make a determination that the trial court did not abuse its discretion and had a proper basis to support its conclusion that the lawsuit was filed without substantial justification. Pacific Enters., 614 So. 2d at 418.

## Conclusion

For the foregoing reasons, we affirm the summary judgment in favor of Stricklen on the malicious-prosecution claim and in favor of Stricklen and Aldige on the abuse-of-process claim; however, we reverse the trial court's implicit determination that Seibert's lawsuit was filed without substantial justification, and we remand the case to the trial court with instructions to set forth its reasoning, based on the factors of § 12-19-273, Ala. Code 1975, as to why Stricklen and Aldige are entitled to an award of attorney fees and costs under the ALAA.

17

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Mendheim, Stewart, Mitchell, and Cook, JJ., concur.

Parker, C.J., concurs in part and concurs in the result, with opinion.

Shaw and Bryan, JJ., concur in the result.

Wise, J., recuses herself.

PARKER, Chief Justice (concurring in part and concurring in the result).

I concur with the main opinion, except as to the analysis in Part I of the Discussion section, and I concur fully in the result.