In May 1993, Bonnie Caldwell sued the City of Tallassee and Thomas Sides, alleging malicious prosecution and abuse of process and requesting damages. Caldwell amended his complaint to allege that the City and Sides had intentionally deprived him of his constitutional rights, so as to create liability pursuant to 42 U.S.C. § 1983, by committing the malicious prosecution against him. The trial court dismissed the malicious prosecution and abuse of process claims as they related to the City. The trial court eventually entered a summary judgment for the City as to the § 1983 claim and for Sides as to all claims. Caldwell filed a post-judgment motion, which the trial court denied. He appealed to the Supreme Court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
Caldwell argues that the trial court erred in entering the summary judgment for the City and Sides. A motion for summary judgment is to be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover,
 "In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994) (citations omitted).
Sides, the building inspector for the City of Tallassee, sent a letter to Caldwell informing him that the condition of his property constituted a nuisance and violated a city ordinance. Eventually, Sides swore out a warrant for Caldwell's arrest for violating the ordinance. The Tallassee Municipal Court held a trial and found Caldwell not guilty of violating the ordinance. Caldwell then brought the present action against the City and Sides, claiming that Sides had intentionally misled him about which piece of his property was in violation of the ordinance.
 SUMMARY JUDGMENT AS TO THE CITY
Caldwell argues that the trial court erred in entering the summary judgment for the City on the § 1983 claim. He contends that the City maliciously prosecuted him and thereby deprived him of his civil rights. We conclude that the trial court properly entered the summary judgment for the City. Our supreme court has held that a municipality cannot act with malice, which is an element *Page 1127 
of a malicious prosecution action. Franklin v. City ofHuntsville, 670 So.2d 848 (Ala. 1995). Therefore, the summary judgment was proper as to the § 1983 claim against the City based on the allegation of malicious prosecution.
 SUMMARY JUDGMENT AS TO SIDES
Caldwell contends that Sides, as well as the City, committed the torts of malicious prosecution and abuse of process against him and thereby deprived him of his civil rights. The elements for an abuse of process cause of action are: (1) malice; (2) the existence of an ulterior purpose; and, (3) improper use of process in the prosecution of the action. Drill Parts ServiceCo. v. Joy Manufacturing Co., 619 So.2d 1280 (Ala. 1993). The elements for a malicious prosecution action are: (1) a prior prosecution of an action by the present defendant against the present plaintiff; (2) the absence of probable cause for that prior prosecution; (3) malice in that prior prosecution; (4) a favorable outcome for the present plaintiff in that prior action; and, (5) damage resulting from that prosecution.Eubanks v. Hall, 628 So.2d 773 (Ala.Civ.App. 1993).
After reviewing the multi-volume record of exhibits and deposition testimony of several witnesses, we conclude that Caldwell failed to present substantial evidence to support either the abuse of process claim or the malicious prosecution claim. These claims have an element in common — malice; and Caldwell failed to produce substantial evidence that Sides acted with malice in issuing the citation against him and subsequently securing an arrest warrant against him. Therefore, the summary judgment was proper as to Sides's abuse of process and malicious prosecution claims.
Caldwell argues that Sides ordered him to clean up the wrong piece of property and that after he complied with that request, Sides caused an arrest warrant to be issued because other property, not the subject of the initial warning, was in violation of the zoning ordinance. The record reveals that Caldwell owns several lots in the City of Tallassee. The lots at issue in this case are separated by an alley, and Caldwell claims that he believed the first letter he received from Sides was only referring to one of those lots. Sides stated that his letter requesting Caldwell to clean up the property referred to both lots as a single piece of property, regardless of the fact that they were separated by the alley.
Caldwell testified that Sides misled him about which property he needed to clean up and he argues that his testimony about being misled is evidence that Sides acted with malice toward him. The police officer who arrested Caldwell testified that he knew of no problems between Sides and Caldwell. The officer further testified that he observed no anger on the part of Sides directed to Caldwell and no personal animosity between Sides and Caldwell. A former business associate of Caldwell testified that Caldwell seemed to be anticipating filing a lawsuit against the City before he received the notice from Sides. This witness also testified that Caldwell had stated that he had a better "case" against the City after his arrest. Caldwell's wife testified that she knew of no animosity between Sides and Caldwell. The record also reveals that city officers and residents experienced much confusion as to what the proper address for Caldwell's properties were, and that if Sides incorrectly identified the property to be cleaned up, it was merely a mistake and not the product of malice.
We conclude that the trial court properly entered the summary judgment for the City and for Sides. Therefore, we affirm that judgment.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
MONROE, J., concurs in the result.
ROBERTSON, P.J., dissents. *Page 1128