[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 949 
A Baldwin County jury found C.C. J., Inc., d/b/a The Movie Gallery ("Movie Gallery"), liable for the tort of abuse of process in its pursuit of criminal charges against Jody Hagood and awarded Hagood compensatory and punitive damages. The circuit court entered a judgment on that verdict. Movie Gallery appeals, claiming that the trial judge erred by not directing a verdict for it and later by denying its motion for a judgment notwithstanding the verdict; Movie Gallery also argues that the court improperly instructed the jury. We agree that the court should have directed a verdict for Movie Gallery because Hagood failed to present substantial evidence on all elements of his claim. We reverse.[1]
This Court has written:
 "The standard of appellate review applicable to a motion for directed verdict is identical to the standard used by the trial court in granting or denying the motion initially. Thus, when reviewing the trial court's ruling on the motion, we determine whether there was sufficient evidence to produce a conflict warranting jury consideration."
Ogle v. Long, 551 So.2d 914, 915 (Ala. 1989). The standard of review for testing the sufficiency of the evidence when the sufficiency is challenged by either a motion for directed verdict[2] or a motion for JNOV is the "substantial evidence rule." Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). In considering the question of the sufficiency of the evidence, we are required, as was the trial court, to view the evidence in the light most favorable to the nonmovant. Bussey v. John Deere Co., 531 So.2d 860, 863
(Ala. 1988). In this case, the nonmovant is Hagood.
The evidence relevant to this appeal, viewed in the light most favorable to Hagood, suggests the following facts: Jody Hagood, an 18-year-old from Trussville, spent the summer of 1992 working at the beaches of Gulf Shores. On August 18, 1992, Hagood and several of his friends entered the Movie Gallery video store in Foley. Hagood gave the store clerk his driver's license and completed a "membership application." On the membership application, Hagood supplied an address in Foley, although his driver's license listed his permanent address as being in Trussville. No notation was made on the application to indicate that the Foley address was a temporary address. The application also listed Hagood's friends as other household members. The terms and conditions of the Movie Gallery "membership" were printed on the back side of the membership application. Hagood denies signing the membership agreement.
Hagood and his friends selected three movies to rent. Although the videos were rented in Hagood's name on his account, Hagood did not sign the rental agreement. One of his friends, David Dennis, signed the rental agreement. Hagood did not speak with Dennis about the videos again and, shortly after they were rented, Hagood left Foley to return to high school. The videos were never returned to the store. When they had not been returned after three days, Movie Gallery, following its general procedure, telephoned the number listed on the application as Hagood's home number. Ten days later, Movie Gallery sent a reminder letter to the address Hagood had listed on the application. Movie Gallery received no response to the letter. Three months later, Movie Gallery sent two certified letters to the same address; the letters stated that if the overdue videos were not returned Movie Gallery would turn over its information to the police for criminal prosecution under Alabama's *Page 950 
"Theft by Fraudulent Leasing or Rental of Property" statute, Ala. Code 1975, § 13A-8-140 et seq. These letters were returned to Movie Gallery as undeliverable. Because he had left the area, Hagood never received notice that the videos had not been returned or that Movie Gallery was contemplating criminal action against him.
On December 15, 1992, after receiving no response from Hagood, Movie Gallery filed a criminal complaint charging Hagood with theft by rental, and a warrant was issued for his arrest. On February 13, 1993, Hagood was arrested under this warrant, after being stopped in Birmingham for speeding. He spent 30 hours in jail before the Baldwin County district attorney agreed to a settlement dismissing all criminal charges in exchange for Hagood's paying one-half of the replacement cost of the videos and promising to pay the other half if David Dennis did not pay that other half. After Movie Gallery filed the complaint, it had no contact with Hagood other than to accept the settlement brokered by the district attorney.
The arrest prompted Hagood, through his father, to sue Movie Gallery, alleging several claims, including abuse of process. The trial court granted Movie Gallery's motion for summary judgment on all claims except abuse of process. Hagood's complaint was later amended to include a claim of malicious prosecution. At trial, Hagood voluntarily withdrew the malicious prosecution claim and only the abuse of process claim was submitted to the jury. The jury returned a verdict for Hagood on that count, awarding him $50,000 in compensatory damages and $125,000 in punitive damages. The court had denied Movie Gallery's motion for a directed verdict; it also denied Movie Gallery's motion for a JNOV.
The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice. Triple J Cattle, Inc. v. Chambers,621 So.2d 1221, 1225 (Ala. 1993). With regard to the element of ulterior purpose, Hagood alleged that Movie Gallery pressed criminal charges against him not to see that he was brought to justice, but only to collect a civil debt. Hagood supported this allegation by the following testimony by Kenny Geuertsen, who was the Movie Gallery manager at the time of the rental:
 "Q. Did Mr. Jacobson [owner of the Foley Movie Gallery store] ever tell you why he desired for the corporation to institute criminal process?
 "A. He just said that he wanted to get the money that was owed to him."
The evidence also showed that Movie Gallery had filed approximately 40 criminal warrants against customers who had not returned videos. In light of this evidence, the jury could have believed that Movie Gallery had lapsed into the practice of collecting debts through criminal prosecutions. The jury's finding that Movie Gallery had Jody Hagood prosecuted for the ulterior purpose of collecting a civil debt was supported by substantial evidence.
However, Movie Gallery is not liable for abuse of process simply because it prosecuted Hagood with an ulterior purpose. Hagood was required to further show that Movie Gallery wrongfully used the criminal process against Hagood. At the outset of this analysis, it would be helpful to note the difference between an abuse of process claim, on which the verdict was based, and a malicious prosecution claim. Malicious prosecution concerns the wrongful issuance of process; abuse of process concerns the wrongful use of process after it has beenissued. Warwick Dev. Co. v. GV Corp., 469 So.2d 1270, 1274
(Ala. 1985); Wilson v. Brooks, 369 So.2d 1221 (Ala. 1979); Clikosv. Long, 231 Ala. 424, 165 So. 394 (1936); Dickerson v.Schwabacher, 177 Ala. 371, 58 So. 986 (1912).
In their brief on appeal and in their oral arguments before this Court, Hagood's attorneys emphasized evidence they say shows that Movie Gallery had no basis to support its criminal charge against Hagood, specifically, evidence indicating that Hagood did not sign the rental agreement for the videos, and that he never received notice that the videos had not been returned or that he was in danger of being prosecuted unless they were returned. His attorneys also argued that Movie Gallery forged Hagood's signature on the membership agreement and forged certain terms into the agreement, in order to pursue Hagood criminally. These facts tend to show that Movie Gallery acted wrongfully in swearing out the warrant in *Page 951 
the first place; however, the tort that encompasses such a wrongful issuance of a criminal warrant is malicious prosecution, not abuse of process. Most reasonable persons would agree that Movie Gallery was, if not plainly wrong, then at least imprudent in having Hagood arrested on these facts. But the jury could not properly consider the prudence of initiating the warrant because the legitimacy or illegitimacy of the issuance of process is irrelevant in an abuse of process case. Warwick Dev. Co., Wilson v. Brooks, Clikos v. Long, andDickerson v. Schwabacher, supra.
Hagood presents two arguments on the element of wrongful use of process. First, he contends that under our holding inWarwick Dev. Co., supra, this element is satisfied when a defendant is shown to have engaged in fraudulent and deceitful conduct in order to create a legal cause of action and then sues on that cause of action for an ulterior purpose. Evidence presented at trial suggested that Movie Gallery had altered the membership agreement so that it could prosecute Hagood. Hagood reasons that the jury could have found that Movie Gallery manufactured evidence and that its doing so, combined with an ulterior motive of debt collection, was a wrongful use of the criminal process under Warwick.
If Warwick stands for the proposition advanced by Hagood, then Warwick is a misstatement of the law. Wrongful activity designed to create a claim goes to the initiation of process, not to its later use. As we have said, any question about the initiation of a judicial proceeding is encompassed in a malicious prosecution claim, not an abuse of process claim. See 1 Am.Jur.2d Abuse of Process § 3 (1994). Warwick is further troubling because, as Justice Jones pointed out in his dissent, it emphasized the element of ulterior purpose to the exclusion of the element of a wrongful use of process. In Alabama, however, the tort of abuse of process has three elements: ulterior purpose, wrongful use, and malice. Triple J Cattle,Inc., supra. Each element must be proven individually.
Hagood's second argument is that Movie Gallery's continued pursuit of criminal charges against him so that it could collect a civil debt was an improper use of the criminal process. This argument again confuses the distinction between malicious prosecution and abuse of process. Moreover, this argument has been rejected across the country:
 "[I]t is generally recognized that the misuse of the criminal process necessary to constitute an actionable tort [of abuse of process] is not sufficiently shown . . . by the fact that the defendant, in an attempt to collect a civil debt, caused a warrant to be sworn out for the plaintiffs arrest, and that there must be some act in furtherance of the improper motive subsequent to the issuance of the process."
Annotation, Abuse of Process — Collection of Debt, 27 A.L.R.3d 1202, 1207 (1969). Hagood presented no evidence indicating that Movie Gallery performed any act to further the criminal complaint after the issuance of process, and certainly no evidence of an illegitimate act.
Hagood has not alleged any wrongful act by Movie Gallery after the warrant was issued. Indeed, it is undisputed that Movie Gallery's only other involvement with Hagood's criminal case was to approve the dismissal of the criminal charges pursuant to the settlement agreed to by Hagood's lawyer and the Baldwin County district attorney. Merely proceeding with a criminal complaint and later agreeing to dismiss the charge cannot constitute a wrongful use because:
 "[T]here is no liability where the defendant has done nothing other than carry out the process to its authorized conclusion, even though with bad intentions. . . . [I]t is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort."
W. Page Keeton et al., Prosser and Keeton on Torts § 121, at 898 (5th ed. 1984); See also Donohoe Constr. Co. v. Mount VernonAssocs., 235 Va. 531, 539-41, 369 S.E.2d 857, 862 (1988). Even if Movie Gallery had proceeded with the criminal prosecution intending only to collect a civil debt, it cannot be liable for an abuse of process claim unless it somehow acted outside the boundaries of legitimate procedure after the charge had been *Page 952 
filed. Because Hagood has presented no evidence of such an act, his claim must fail for want of the essential element of wrongful use of process.
An inherent danger in any judicial system is that the court's powers might be made to serve the illegitimate ends of an individual. We cannot say strongly enough that the judicial system should not be used as a club to force a party to submit to the will of another. To guard against its misuse, our system provides wronged parties with some protections, namely the ability to bring claims alleging malicious prosecution and abuse of process. But if this Court allowed a party to succeed in an abuse of process claim without having proven the requisite elements, the equally dangerous potential would exist for parties who legitimately use the criminal justice system to later become liable on claims of abuse of process. Citizens of this state should feel free to petition the courts for redress of wrongs without being encumbered by the fear of such liability. While this Court sympathizes with the plight Jody Hagood endured for the mistake of trusting a friend to return three videos, we must make sure that a plaintiff proves all the elements of the particular cause of action. Because the law of this state requires that a plaintiff prove all three elements of abuse of process, and because Hagood did not meet this burden, the trial court erred by not directing a verdict for Movie Gallery and erred again later in denying its motion for a judgment notwithstanding the verdict. The judgment of the circuit court is reversed and a judgment is rendered for the defendant.
REVERSED AND JUDGMENT RENDERED.
SHORES, HOUSTON, and KENNEDY, JJ., concur.
MADDOX and SEE, JJ., concur in the result.
[1] Because we conclude that Movie Gallery was entitled to a directed verdict, we need not address the propriety of the trial court's jury instructions.
[2] The "motion for directed verdict" and the "motion for judgment notwithstanding the verdict" have been renamed by a 1995 amendment to Rule 50, Ala. R. Civ. P. See Committee Comments to October 1, 1995, Amendment to Rule 50.