THOMPSON, Judge.
This is an appeal from a judgment based on a jury verdict. . On December 6, 1993, Clara S. Kizer filed a complaint against the City of Helena and several fictitious defendants, seeking a declaratory judgment and injunctive relief. A “declaratory judgment” is “[a] binding adjudication of the rights and status of litigants even though no consequential relief is awarded.” Black’s Law Dictionary 409 (6th ed.1990).
In her complaint for the declaratory judgment, Kizer asked the trial court to issue an order delineating her right to walk her dogs upon the public right-of-way that abuts her neighbors’ yards and to enjoin her neighbors from “harassing” her while she walked her dogs. Kizer amended her complaint to substitute the names of her neighbors, Brian *1199 Wigginton, Susan Wigginton, Valerie Vining, and Laura Finch (hereinafter collectively referred to as “the neighbors”) in place of the fictitiously named defendants. The City of Helena was dismissed from this litigation, and it is not a party to this appeal.
On April 12, 1994, the neighbors counterclaimed against Kizer, alleging trespass and abuse of process. In that counterclaim, the neighbors sought monetary damages from Kizer. Kizer filed a motion for a summary judgment on all claims, but the trial court denied that motion. In September 1994, the neighbors moved for a summary judgment on Kizer’s complaint and on their counterclaims.
On December 19, 1994, the trial court entered a partial summary judgment on the neighbors’ trespass claim against Kizer, ordering Kizer to stop walking her dogs in the right-of-way abutting the neighbors’ yards. After the trial court certified the partial summary judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P., Kizer appealed. The Supreme Court of Alabama reversed, holding that the neighbors did not have an exclusive right of possession as to the disputed right-of-way; thus, the neighbors could not maintain an action for trespass. Kizer v. Finch, 672 So.2d 511 (Ala.1995).
On remand, the neighbors amended their complaint to add a claim alleging nuisance. The trial court denied Kizer’s motion to dismiss the neighbors’ nuisance claim stated in that amended counterclaim.
The case was tried on April 16, 1997. Although it is not clear from the record, the parties stipulate in their briefs to this court that Kizer’s complaint for injunctive relief against the neighbors was decided by the trial judge. The neighbors’ claims seeking damages for nuisance and Finch’s abuse of process claim were the only claims submitted for the jury’s consideration.
The trial judge entered a judgment as a matter of law in favor of the neighbors on Kizer’s claim of harassment. The trial court also entered a judgment as a matter of law in favor of Kizer on the Wiggintons and Vin-ing’s claims of abuse of process. Thereafter, the case was submitted to the jury for its consideration of the nuisance claims of all of the neighbors and Laura Finch’s claim alleging abuse of process, which included a claim for punitive damages. The jury returned a verdict against Kizer and in favor of Finch for $60,000; in favor of the Wiggintons for $15,000; and in favor of Vining in the amount of $15,000. The court entered a judgment based on the jury’s verdict.
Kizer filed a motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial court denied that motion and Kizer appealed to the Supreme Court of Alabama. The Supreme Court transferred the appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
“[Wje note that jury verdicts are presumed correct and that this presumption is strengthened on a trial court’s denial of a motion for [a] new trial. Indeed, a trial court’s ruling on a motion for [a] new trial should not be disturbed on appeal unless some legal right has been abused and unless the record plainly and palpably shows the trial court to be in error. A motion for a JNOV simply provides the trial court with an opportunity to review its , earlier ruling denying a motion for a directed verdict. These motions permit the trial court to determine whether the nonmovant has presented substantial evidence to support each element of her cause of action or defense. Thus, in reviewing a motion for a directed verdict or for a JNOV, this court must view all the evidence in a light most favorable to the nonmovant and must consider such reasonable evidentiary inferences as the jury could freely draw.”
Martino v. Bruno’s, Inc., 681 So.2d 602, 604 (Ala.Civ.App.1996) (citations omitted).
The facts are as follows: In October 1993, Kizer and her husband purchased a home located on Seattle Slew Drive in the Dearing Downs subdivision. All property in that subdivision, including that of Kizer and her neighbors, is subject to a publicly dedicated right-of-way that extends approximately 11 feet from the roadside curb. The homeowners in the subdivision all maintain the public right-of-way in conformity with other portions of their lawns. Kizer walked her two small dogs along the street and in the public right-of-way that adjoins her neigh *1200 bors’ yards, and she allowed her dogs to urinate and defecate in the public right-of-way.
On one occasion, Vining approached Kizer and requested that she remove the dogs from the right-of-way adjoining Vining’s lawn. Kizer refused and, instead, allowed the dogs to relieve themselves in the right-of-way. On another occasion, Brian Wigginton approached Kizer and requested that she stop walking her dogs on the right-of-way adjoining his property; on that occasion, he pushed the dogs onto the curb. Susan Wigginton testified to only one contact with Kizer: when she observed Kizer allowing her dogs to walk in the right-of-way abutting the Wig-gintons’ yard, Susan Wigginton yelled to Kizer from her doorway, “[G]et out of my yard.”
Finch never had any conversation with Kizer regarding the dogs. Kizer testified that she had spoken to Finch only once, and then only in passing; the two, she indicated, said “good morning.” Kizer testified that she knew that Finch was circulating a petition in the neighborhood “about the dogs not walking.” Finch, in her counterclaim, alleged that Kizer substituted Finch’s name for that of a fictitiously named defendant to prevent Finch from circulating the petition.
Kizer first argues that the trial court erred in denying her motions for a directed verdict, for a JNOV, and for a new trial on Finch’s claim of abuse of process. The elements of the tort of abuse of process are 1) the existence of an ulterior purpose; 2) a wrongful use of process, and 3) malice. Caldwell v. City of Tallassee, 679 So.2d 1125 (Ala.Civ.App.1996). Without deciding whether Finch proved the other elements of her claim, we hold that Finch’s allegation of abuse of process fails because Finch could not prove the second element of the cause of action.
In support of her abuse of process claim, Finch alleged that Kizer included her as a defendant in the declaratory judgment action to- prevent her from exercising her free speech rights in circulating the petition. However, the Supreme Court of Alabama has recently held that “[wjrongful activity designed to create a claim [e.g., “manufacturing evidence”] goes to the initiation of process, not to its later use.... Any question about the initiation of a judicial proceeding is encompassed in a malicious prosecution claim, not an abuse of process claim.” C.C. & J., Inc. v. Hagood, 711 So.2d 947, 951 (Ala.1998).
In distinguishing the tort of malicious prosecution from the tort of abuse of process, our supreme court explained that “Malicious prosecution concerns the wrongful issuance of process; abuse of process concerns the wrongful use of process after it has been issued.” Id. at 950. The key to a claim of abuse of process is a wrongful act on the part of Kizer after she filed the declaratory judgment action. “ ‘[T]here is no liability where [the plaintiff, Kizer] has done nothing other than carry out the process to its authorized conclusion, even though with bad intentions.’ ” C.C. & J., Inc., 711 So.2d at 951 (quoting W. Page Keeton et al., Prosser and Keeton on Torts § 121, at 898 (5th ed.1984)). Finch neither alleged nor proved that Kizer performed any wrongful act during the course of the litigation that would amount to a wrongful use of process; rather, she alleged that Kizer had an improper motive in initiating the action and in including Finch as a party. Because she sued under the wrong cause of action for the facts she alleged, Finch’s claim alleging abuse of process must fail. Therefore, that portion of the judgment in favor of Finch on her claim of abuse of process is reversed, and, as to that claim, a judgment is rendered for Kizer.
Kizer also argues that there was no evidence that she acted with malice and that the amount of punitive damages awarded on Finch’s claim of abuse of process was excessive. Kizer consented to the jury’s use of a general verdict form; thus, it is impossible to determine what portion of the jury’s verdict, if any, was an award of punitive damages. However, because we must reverse the judgment based on Finch’s abuse of process claim, we need not consider this argument.
The only claims upon which the verdict of the jury could be properly based are the neighbors’ nuisance claims. Kizer argues that the trial court erred in denying her motions for a directed verdict, for a JNOV, and for a new trial on those claims. The *1201 testimony regarding damage to the neighbors focused on the costs of the neighbors’ attorney fees. The neighbors testified extensively regarding the expense of this litigation. The neighbors, who were all represented by the same attorney for the majority of this litigation and at trial, testified that they had been billed $6,000 to $7,000 for legal fees after being “sued” by Kizer.[1] At least one of the neighbors testified that the fees charged by the neighbors’ attorney did not include any amounts due for the representation at the trial. Not one of the neighbors was able to testify how much of the attorney fees were related to the prosecution of the neighbors’ counterclaims against Kizer.
Generally, under the “American rule,” a prevailing litigant is not entitled to recover the costs of his attorney fees. Advertiser Co. v. Auburn University, 579 So.2d 645 (Ala.Civ.App.1991). However, a claimant in an action alleging abuse of process may recover attorney fees that are attributable to the defense of the wrongfully initiated claim. Vogtle v. Coleman, 259 Ga. 115, 376 S.E.2d 861 (1989). Damages recoverable for malicious prosecution are generally the same as those recoverable for abuse of process. Bothmann v. Harrington, 458 So.2d 1163 (Fla.Dist.Ct.App.1984). The general rule is that the claimant may recover the cost of defending the wrongful claim but may not recover the cost of attorney fees incurred in bringing the abuse of process or malicious prosecution claim. Technical Computer Services, Inc. v. Buckley, 844 P.2d 1249 (Colo.Ct. App.1992); Gamble v. Webb Quarterback Club, 386 So.2d 455 (Ala.Civ.App.1980); 54 C.J.S. Malicious Prosecution § 119 (1984). Thus, the neighbors, if their abuse of process claims had been submitted properly to the jury, could have covered only those costs associated with defending the initial action brought by Kizer; the neighbors could not recover attorney fees for the costs of their counterclaims against Kizer.
The amounts the neighbors spent on attorney fees were relevant only to their claims of abuse of process. Finch’s abuse of process claim is being reversed; the other neighbors did not present enough evidence on their abuse of process claims for those claims to be considered by the jury, and those claims were dismissed by the trial judge. The amount expended on attorney fees in this litigation is not relevant to the nuisance claim, which was the only claim properly considered by the jury.
The neighbors provided only limited testimony regarding any other form of damage. They presented very little evidence on their nuisance claims that would support the jury’s $90,000 verdict. The neighbors conceded that Kizer has not walked her dogs in the neighborhood since 1994. Brian Wiggin-ton testified that there were brown spots in his yard in 1993; he also testified that other dogs in the neighborhood continue to defecate in his yard on occasion. Susan Wiggin-ton testified that, for sanitary reasons, she feared allowing her small child to play in the front yard. However, Susan Wigginton’s child was born in February 1995, after Kizer had stopped walking her dogs in the neighborhood. Valerie Vining testified that, other than the aggravation caused by the attention this dispute has received in the news media, she has suffered no damage. Finch testified that she no longer plants flowers by her mailbox because the flowers die when dogs urinate on or near them.
The neighbors proceeded under the wrong cause of action; a great deal of prejudicial evidence regarding damage related to the abuse of process claim was presented to the jury. Given the amount of the jury’s verdict and the only minimal evidence regarding the “hurt, inconvenience, or damage” required to be proved on a nuisance claim, Hilliard v. City of Huntsville Elec. Util. Bd., 599 So.2d 1108, 1113 (Ala.1992), it is clear that, in reaching its verdict, the jury was greatly influenced by the neighbors’ extensive testimony regarding amounts expended for attorney fees. The evidence presented in support of the neighbors’ claims of nuisance does not sustain the jury’s verdict. Therefore, the trial court erred in denying Kizer’s motion *1202 for a new trial on the nuisance claim. We remand for a new trial on the neighbors’ nuisance claim.
We further note that it is extremely disappointing that a matter such as this, which has such a strong potential for simple resolution, would ever find its way into the court system. By initiating this action, Kizer completely abandoned all prospects of neighborly cooperation. Some obvious initial solutions to this problem include the use of alternate routes when walking her dogs or simply cleaning up after the animals. This matter could have been concluded without resorting to the courts, through the exercise of maturity, common sense, and basic respect for the wishes of others. An action of this type wastes the time and resources of both the courts and the parties, serves to increase the congestion in an already overloaded court system, and creates additional costs that must be borne by the taxpayers of this state. Unfortunately, at this stage, this court may not itself put an end to this litigation. Under the law of this state, we must, as to one of the claims, remand this case for a new trial. It is for the parties to determine whether the costs, time, and resources required to continue the pursuit of this matter are justified. Perhaps the parties can agree upon a resolution to this unfortunate dispute and avoid continued litigation.
REVERSED AND JUDGMENT RENDERED AS TO THE ABUSE OF PROCESS CLAIM; REVERSED AND REMANDED AS TO THE NUISANCE CLAIMS.
MONROE, J., concurs specially.
YATES and CRAWLEY, JJ., concur in the result.
ROBERTSON, P.J., concurs in the result only.

. Kizer filed a complaint for a declaratory judgment and an injunction; she did not request an award of damages from the defendants.