YATES, Presiding Judge.
Joseph Kinard sued Billy Ray Bailey and Karen Bowers Singleton in the Dis *386 trict Court of Mobile County, alleging negligence, conversion, and breach of contract. The district court found in Kinard’s favor against Singleton, awarding him $7,295; it dismissed all claims against Bailey. Ki-nard appealed to the circuit court. Following a jury trial, the court granted Singleton and Bailey’s motion for a judgment as a matter of law. See Rule 50, Ala. R. Civ. P. Kinard appeals.
The record indicates these facts: Kinard rented a room to Bailey in 1997. Singleton, Bailey’s girlfriend, subsequently moved into the residence and the three shared Kinard’s residence for about five months. Kinard initially charged Bailey $75 per week, but later increased the rent to $100 per week. Kinard testified that Singleton and Bailey left the residence without removing their personal belongings and that they had caused an estimated $7,000 in damage to his residence. He statéd that they stole 4 rottweiler puppies, valued together at $800; a semiautomatic rifle, valued at $200; a microwave oven valued at $30; and tools, valued at $1,000. He stated that Bailey owed $1,800 in rent and that Singleton had caused substantial property damage to the bathroom, to the kitchen, and to furniture and that they had “trashed the house.” Kinard submitted into evidence pictures showing the condition of the residence and a contract proposal for $3,150 to repair the interior of the residence. He also submitted into evidence several signed statements from Bailey promising to pay him for his tools, his rifle, a broken windshield, the rottweiler puppies, and “back rent.”
Bailey testified that he had Kinard “paid up except for $100” for back rent and that he initially had not paid Kinard for the months that his property remained at the residence. He stated, “I didn’t pay him nothing. I didn’t figure I owed him nothing for living there.” He stated that he did not recognize the property damage shown in the pictures and that only one puppy had survived from the litter and that he did not steal that puppy. He admitted that he owed Kinard for some stolen items; that he had pawned Kinard’s tools; and that he had signed documents stating that he would repay Kinard for the stolen property.
At the close of the evidence, the court granted Singleton and Bailey’s motion for a judgment as a matter of law, stating, in part:
“There is absolutely no way that I can ask a jury to sort this mess out. Your client was unable to testify with any specificity as to any amount of damages. There’s nothing that a jury could possibly be asked to sort out. It’s the plaintiffs burden to prove his damages to the reasonable satisfaction of the jury. He has not done so. I grant your motion.
“If asked, I am hopeful that the Court of Civil Appeals will be able to sort this out. I am not, and I certainly don’t believe that this case has been presented to the jury in such a fashion that it could. I realize it’s not all the money in the world involved here, but that does not mean that the plaintiff thereby loses his burden to present evidence of the damages, which he has not done.”
Kinard appeals, arguing that the trial court erred in entering the judgment as a matter of law in favor of Singleton and Bailey.
In Army Aviation Center Federal Credit Union v. Johnson, 716 So.2d 1250 (Ala.Civ.App.1998), we stated the standard by which we review a directed verdict, now referred to as a judgment as a matter of law (see Rule 50(a), Ala. R. Civ. P.):
“A motion for a directed verdict tests the sufficiency of the evidence presented *387 by the nonmoving party. When the trial court considers a motion for a directed verdict, it ‘must let a question go to the jury if there is substantial evidence to support the theory of the complaint.’ Thus, [the plaintiff], the nonmoving party, must present ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ‘If there is any conflict in the evidence to be resolved by the jury, then [a] motion [for a directed verdict] should not be granted.’ Additionally, we note that in determining whether a trial court’s ruling on a motion for a directed verdict was proper, the reviewing court must view the entire evidence in a light most favorable to [the plaintiff], the nonmov-ing party.”
Id. at 1253 (citations omitted); C.C. & J., Inc. v. Hagood, 711 So.2d 947 (Ala.1998).
It is unclear from the record whether in the circuit court Kinard sued Singleton and Bailey based on the same claims he had stated in his original complaint in the district court (conversion, breach of contract, and negligence). We, therefore, can not determine if Kinard proved the elements of each of his claims; however, we note that the circuit court, in entering the judgment as a matter of law, stated, in open court, that Kinard had failed to prove “specificity as to any amount of damages.” Viewing the evidence in a light most favorable to Kinard, we conclude that the record contained testimony from Kinard and Bailey regarding the stolen items and regarding damage to Kinard’s residence, and we note that Kinard submitted into evidence several documents that itemized the cost of repairs and that indicated the amount of money owed by Bailey. We therefore, conclude that the trial court erred in entering the judgment in favor of Singleton and Bailey, because the jury could have used this evidence to determine whether to award damages to Kinard. See Gresham v. Schlumberger Indus., Inc., 656 So.2d 347 (Ala.1995). Accordingly, we reverse the judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.