[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14516
_____

D.C. Docket No. 2:17-cv-01373-SGC

DONNA SMITH,

Plaintiff - Appellant,

versus

NATIONWIDE MUTUAL INSURANCE COMPANY, et al.,

Defendants,

NATIONWIDE GENERAL INSURANCE COMPANY,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 4, 2020)

Before ED CARNES, Chief Judge, ROSENBAUM, and BOGGS,[*] Circuit Judges.

PER CURIAM:

Donna Smith was driving her car when it hit Daniel Voss, a bicyclist.  Smith and her insurer, Nationwide General Insurance Company, offered to settle with Voss, but Voss' insurer, State Farm Mutual Automobile Insurance Company, blocked the settlement.  Voss, Nationwide, and Smith went to trial and Smith was found liable for $1.9 million in damages.

Smith sued both insurers.  She claimed that State Farm, among other things, abused a judicial process because it blocked the settlement between her and Voss for an improper purpose.  The district court granted State Farm's motion to dismiss that claim against it on the ground that its alleged blocking of the settlement was not a judicial process.

Smith claimed that Nationwide, among other things, wantonly and negligently failed to settle Voss' claim against her.  The district court granted Nationwide's motion to dismiss that claim against it on the ground that it had not

---

[*] Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation.

negligently or wantonly failed to settle Voss' claim against her.  This is Smith's appeal of both judgments against her claims.

I.

This case begins with an accident.  Donna Smith was driving, speeding, and talking on her phone on July 30, 2013, when she crossed into the opposite lane and hit Voss, who was biking, head on.[1]  Voss suffered facial fractures, skull fractures, and a traumatic brain injury.  He spent nearly a month in the hospital and two weeks in inpatient rehab, but his brain function will never fully recover.  By the time this case began, Voss had incurred more than $725,000 in medical bills.

Smith was insured by Nationwide under a policy with $25,000 liability coverage, which was the minimum required by the law of her home state of Alabama.  Ala. Code § 32-7-6(c).  Voss was covered by four State Farm policies that collectively provided $100,000 in "underinsured motorist coverage."  Shortly after the accident, Nationwide and Smith offered to settle "any and all of [Voss'] tort claims against Smith in exchange for" the policy limit of $25,000.  Voss

---

[1] Because Smith appeals the grant of the insurance companies' motion to dismiss, we accept the facts alleged in Smith's amended complaint, which is the operative one, as true.  See Evans v. Ga. Regional Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).

3

agreed.  But State Farm, Voss' insurer, did not.  It blocked the settlement agreement.

Under Alabama law, auto insurers must provide underinsured motorist coverage.  Ala. Code § 32-7-23.  Underinsured motorists are drivers who injure the policyholder and whose own car insurance liability limit is "less than the damages which the injured person is legally entitled to recover."  Id.  The cost of Voss' injuries exceeded the liability limit of $25,000 in Smith's policy, so she was an underinsured motorist.

Although the Alabama legislature has not addressed how settlements between the injured person and the underinsured driver's insurance company should work, the Alabama Supreme Court has.  Lambert v. State Farm Mut. Auto. Ins. Co., 576 So. 2d 160 (Ala. 1991).  In Lambert, the court was concerned with protecting the subrogation rights of the injured person's insurer — that insurer's right to collect from the underinsured driver who caused the injury in the first place.  Id. at 164.  If there were no restrictions or protections in place, the injured person might settle with the underinsured driver in a way that deprives the injured person's insurer of its subrogation rights.  Id.

4

With that in mind, the Alabama Supreme Court prescribed a process that governs settlements involving underinsured motorist coverage. Id. at 165-168. Voss and State Farm followed that process. Voss notified State Farm that he wanted to settle with Smith and Nationwide for the maximum amount of Smith's Nationwide policy: $25,000. State Farm investigated the claim, spoke with Voss and his parents (who did not witness the accident), and rejected the settlement. It fronted $25,000, which is the settlement amount that Voss could receive from Nationwide, and forced Voss to go to trial against Smith and Nationwide to prove that Smith was actually liable and that Voss' damages exceeded the $25,000 available to him under Smith's Nationwide policy. State Farm decided not to participate in the trial, a choice open to it under the Lambert decision. See id. at 168.

After a three-day trial in state court in September 2016, the jury returned a $1,900,000 verdict against Smith. Before Smith's deadline for post-verdict motions had passed, State Farm paid the remainder of the coverage amount under the underinsured motorist policy, and Nationwide paid out its policy maximum. Smith was left liable for $1,775,000 in damages (the amount of the verdict less the insurance payments from State Farm and Nationwide) and the interest on that amount, which continues to accrue.

5

Smith filed this lawsuit in the Northern District of Alabama in August 2017, alleging a variety of claims against State Farm and Nationwide.  Against State Farm she claimed negligent and wanton failure to settle, bad faith failure to settle, and abuse of process.  Against Nationwide she alleged negligent and wanton failure to settle, bad faith failure to settle, and breach of contract.  Against both State Farm and Nationwide she asserted claims of outrage and civil conspiracy.

The parties consented to having a magistrate judge conduct all proceedings in the case.  The insurers moved to dismiss all the claims against them under Rule 12(b)(6) and the court granted that motion.[2]

Smith appeals only the dismissal of the abuse of process claim against State Farm, the negligent and wanton failure to settle claim against Nationwide, and the conspiracy claim against both insurers.

---

[2] Voss filed a separate lawsuit against State Farm, claiming bad faith, breach of contract, fraud, and outrage because it required him to go to trial.  See generally Voss v. State Farm Mut. Auto. Ins. Co. No. 1:17-cv-01465-SGC, 2018 WL 4635747 (N.D. Ala. Sept. 27, 2018).  Because both Smith's and Voss' lawsuits were based on the same underlying facts, the court held a joint hearing on the motions to dismiss that State Farm filed in each case.  But the cases were not consolidated.  One of Voss' claims was dismissed but the other three were allowed to proceed. Id.  As of the date of this opinion, that case is still pending.

6

II.

"We review <u>de novo</u> the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim . . . ."  <u>Butler v. Sheriff of Palm Beach Cty.</u>, 685 F.3d 1261, 1265 (11th Cir. 2012) (quotation marks removed).

"In rendering a decision based on state substantive law, a federal court must 'decide the case the way it appears the state's highest court would.'"  <u>Ernie Haire Ford, Inc. v. Ford Motor Co.</u>, 260 F.3d 1285, 1290 (11th Cir. 2001) (quoting <u>Royal Ins. Co. of Am. v. Whitaker Contracting Corp.</u>, 242 F.3d 1035, 1040 (11th Cir. 2001)).

III.

Smith first contends that the district court erred by dismissing her abuse of process claim against State Farm.  She contends that the company abused a judicial process by initiating the <u>Lambert</u> fronting procedure when it had no intention of ever exercising its subrogation rights.  She argues that it was "incorrect as a matter of law" for the district court to conclude, as it did, that the <u>Lambert</u> fronting procedure is not the type of process that can sustain an abuse of process claim.

To establish a claim for abuse of process under Alabama law, a plaintiff must show (1) malice, (2) an "ulterior purpose," and a (3) "wrongful use of process."  <u>Triple J Cattle, Inc. v. Chambers</u>, 621 So. 2d 1221, 1225 (Ala. 1993).

7

Alabama has not clarified, through its legislature or courts, whether the Lambert fronting procedure amounts to a judicial process for abuse of process purposes. And we need not decide that now. Even assuming that Lambert fronting does amount to a judicial process, Smith has not sufficiently alleged that State Farm wrongfully used the process in the way required to establish the claim.

The Alabama Supreme Court has held that to be an abuse of process, not only must the defendant wrongfully use a judicial process, but the wrongful use must also occur after the process was initiated. C.C. & J., Inc. v. Hagood, 711 So. 2d 947, 950 (Ala. 1998). That means Smith must show that State Farm committed "some act in furtherance of the improper motive subsequent to the issuance of the process." Id. at 951 (quoting 27 A.L.R. 3d, 1202, 1207 (1969)). And under Alabama law the mere continued pursuit of a wrongfully initiated claim does not count as an "act in furtherance" of the improper motive. Id. Neither does "carry[ing] out the process to its authorized conclusion, even though with bad intentions." Id. (quotation marks omitted).

In her complaint, Smith claims that the Lambert fronting procedure was the judicial act and that State Farm "had an ulterior purpose when it initiated the fronting process." And she unequivocally alleges that after State Farm initiated the

8

process, it did nothing.  Doing nothing is, by definition, not an "act in furtherance of the improper motive subsequent to the issuance of the process."  Id. at 951.

Smith failed to plead facts that amount to abuse of process, and her claim against State Farm was properly dismissed.

## IV.

Smith also claims that Nationwide, her insurer, negligently and wantonly failed to settle Voss' claim against her.  In Alabama, an insurer can be held liable for refusing, negligently or in bad faith, to accept a proffered settlement.  Waters v. Am. Cas. Co., 73 So. 2d 524, 528 (Ala. 1953).

Smith's claim is refuted by the allegations of her complaint.  It alleges that Nationwide actually did negotiate a settlement under which it would pay out the $25,000 policy maximum to Voss and he in return would completely release Smith from any future claims by him against her.  The attempted settlement would have left Voss free to collect the $100,000 policy maximum of underinsured motorist coverage under his State Farm policy.  The only reason Nationwide was unsuccessful in settling on those terms the claim by Voss against Smith is that State Farm blocked the settlement.  State Farm blocked the settlement because it also would have prevented State Farm from filing any subrogated claims against Smith.

9

Smith attempts to salvage her claim against Nationwide by asserting that Alabama law required it to negotiate a settlement that would have left her liable for no more than $125,000. She argues that Nationwide had to "condition any proposed settlement with [Voss] not only on the payment of [$25,000] in liability limits, but also on the condition that [Voss] would not attempt to obtain a judgment in excess of [$125,000] or collect a judgment in that amount against Smith." That way, State Farm would have had no reason to object, because it would have retained its subrogation rights. And Smith would not have been at risk of a million-dollar judgment.

But Smith is not able to cite a single Alabama decision, indeed she cannot cite a single decision from any state, that creates such a duty. Nor does her complaint allege that if Nationwide had suggested such a settlement — a settlement that would have exposed her to $100,000 in liability instead of the $0 in liability she faced under the settlement Nationwide did negotiate — she would have accepted it.

10

Because Nationwide fulfilled its duty and reached a settlement with Voss, Smith's failure to settle claim fails.[3]

V.

Finally, Smith contends that the district court erred by dismissing her conspiracy claim against both State Farm and Nationwide. But to establish a civil conspiracy, Smith must first establish an underlying cause of action. Avis Rent A Car Sys., Inc. v. Heilman, 876 So. 2d 1111, 1124 (Ala. 2003). Because both of her tort claims fail, Smith's conspiracy claim has no underlying cause of action and the district court properly dismissed it.

**AFFIRMED.**

---

[3] Smith asks, in the alternative, that we certify her claims as questions to the Alabama Supreme Court to determine whether the Lambert fronting procedure amounts to a judicial process and whether Nationwide had an enhanced duty to settle. But we certify questions to state supreme courts only "[w]hen substantial doubt exists about the answer to a material state law question upon which the case turns." Forgione v. Dennis Pirtle Agency, Inc., 93 F.3d 758, 761 (11th Cir. 1996). Here, Smith has not raised a substantial doubt about how the Alabama Supreme Court would rule on her claims.