[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14227
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cv-00483-LCB


SAMANTHA MALONE,
MARK BLEDSOE,
TRAVIS MOSELY,

                                                          Plaintiffs,


HOLLY KIMMONS,
ANDY FENNELL,
On behalf of themselves and those similarly situated,

                                                          Plaintiffs-Appellants,


versus


PROFESSIONAL PROBATION SERVICES, INC.,
A business entity wholly owned subsidiary of
Universal Health Services Inc,

                                                          Defendant-Appellee,

CITY OF DECATUR, ALABAMA,
A Municipality,
EMILY BAGGETT,
City of Decatur Prosecutor,
in her individual and official capacity, et al.,

                                                        Defendants.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(August 18, 2021)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Holly Kimmons and Andy Fennell appeal the summary judgment in favor of Professional Probation Services, Inc. Kimmons, Fennell, and three other plaintiffs—all former municipal probationers—filed a putative class action against Probation Services, its parent company, the City of Decatur, Alabama, and two of its employees for allegedly exacting excessive fines and fees when administering sentences of probation. The plaintiffs' second amended complaint alleged violations of federal constitutional rights, 42 U.S.C. § 1983, and of the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c)–(d), and torts under state law. Kimmons and Fennell challenge only the summary judgment against their state claim of abuse of process. We affirm.

The second amended complaint filed by the former probationers alleged that the City violated their rights to due process and equal protection under the Fourteenth Amendment of the U.S. Constitution and that the City and its employees falsely imprisoned them and violated their rights to be free of unreasonable searches and seizures under the Fourth Amendment and to counsel under the Sixth Amendment. They also complained that Protection Services and its parent company violated the federal racketeering act and that Protection Services committed a state tort by abusing the process of probation. The former probationers alleged that, when an offender could not pay the fine for a minor offense, the Decatur municipal court imposed a sentence, which it then suspended and released the offender on probation under the supervision of Probation Services. They alleged that, if the offender failed to pay a prearranged installment of the court costs or the $35 supervision fee to Probation Services, it notified the municipal court, which initiated revocation proceedings, extended the offender's term of probation, and multiplied the fines and fees due. The former probationers also alleged that the defendants threatened them, "fail[ed] to give [them] full information about their due process rights and other rights, and fail[ed] to provide a process for evaluating or presenting indigency to the court when [they] were unable to pay."

3

The City, its employees, Probation Services, and its parent company moved to dismiss the complaint, which the district court granted in part and denied in part. The district court dismissed all claims against both City employees and the claim of racketeering against Probation Services and its parent company. The district court ruled that Kimmons and the others had stated claims against the City for violating their federal constitutional rights and for false imprisonment and against Probation Services for abuse of process. Later, the plaintiffs moved to dismiss all claims against the City with prejudice, and the district court granted the motion.

Probation Services moved for summary judgment. It argued that Malone's, Bledsoe's, and Moseley's claims for abuse of process were barred by the two-year statute of limitations for personal injuries, *see* Ala. Code § 6-2-38(1), and that no material dispute existed about whether it had abused the process of probation. Probation Services argued that the former probationers submitted no evidence that it had issued or had caused the municipal court to issue legal process for failure to pay. The company also argued that it had not acted with malice because any threat of arrest its staff had made related to a lack of compliance with the condition of probation to timely pay court-imposed costs.

Probation Services attached to its motion a copy of its contract with the City and a declaration from corporate counsel. The contract stated that Probation Services supervised "offenders placed on probation or referred for the supervision

4

and collection of payment of fines, court costs, restitution or other sums ordered by the court." A specification incorporated into the contract provided for "offenders the Court . . . determine[d] as indigent . . . [to be] supervised at no cost," for Probation Services "staff [to] identify those defendants who are lacking the resources to make payments and recommend . . . possibly converting portions of the fines or costs to community service hours," and for "services . . . [to be made] available to indigent offenders at no cost . . . ." The specification also stated that probationers paid $35 for "basic supervision" and that the staff only "collect[ed] the monthly court-ordered supervision fee until such time the defendant has paid fines and cost in full and the case is suspended." Counsel for Probation Services declared that the municipal court made all sentencing decisions and that company staff were trained to enforce sentencing orders and to treat probationers equitably.

Probation Services also submitted copies of Kimmons's and Fennell's depositions. The two former probationers testified that the municipal court imposed all fines and fees in their cases and warned them of the possibility of imprisonment for nonpayment of court-imposed costs. Kimmons testified that the municipal court told her that community service was a sentencing option, that she never pleaded indigency or requested a substitute sentence of community service, and that she only had to pay the fines and fees imposed at sentencing. She contended that she had been "harassed" to pay outstanding fines and fees, but she

recounted that her probation officer urged her to make full instead of partial monthly payments and requested that she bring money when rescheduling appointments she had missed. Kimmons also testified that her probation officer warned her that a warrant might issue for her arrest if she failed to reduce her outstanding balance and that she continued to pay what she could afford and was never imprisoned for nonpayment.

Fennell maintained that, when he expressed concern about his ability to pay fines, the municipal court responded, "pay or go to jail." But Fennell testified that he paid all his court costs and never was arrested for nonpayment. He authenticated his criminal judgments and acknowledged that they ordered him to "timely pay fines, costs, and restitution as ordered" and to remain "supervised on probation . . . until all fines, court costs, and restitution are paid in [the] case." Fennell also acknowledged that the judgments warned that his "[f]ailure to comply with all orders and conditions of probation could result in [his] probation being modified, extended, or revoked" and that he was "subject to summons and/or arrest for violation of any rule, order, or condition of probation."

Kimmons and Fennell argued that the company "charged all persons it supervised monthly fees of $35 . . . [that] were not authorized by state law and at times [were] in excess of the amount specified in the Contract." They also argued

that the company "threatened [probationers] with probation revocation and incarceration if they did not pay the fees associated with their supervised release."

The district court entered summary judgment in favor of Probation Services. The district court ruled that Malone's, Bledsoe's, and Moseley's claims were untimely. *See* Ala. Code § 6-2-38(1). The district court also ruled that "[n]either Kimmons nor Fennell . . . presented any evidence to show that lawful process was issued for an ulterior purpose," as required to prove a claim of abuse of process. The district court found that "[a]ll harassment alleged by . . . Kimmons [and] Fennell [had been] in furtherance of the Municipal Court's Sentencing Orders" and they presented "no evidence that any alleged threats were ever made for any reason other than ensuring [their] compliance with the terms of their sentencing orders."

Only Kimmons and Fennell appeal, and we review *de novo* the summary judgment against their complaint of abuse of process. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020). Summary judgment is appropriate when there exists no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

To prove an abuse of process, Kimmons and Fennell had to "offer substantial evidence indicating: (1) the existence of an ulterior purpose; 2) a wrongful use of process, and 3) malice." *Hollander v. Nichols*, 19 So. 3d 184, 193 (Ala. 2009) (internal quotation marks omitted). And they had "to prove all three

7

elements" to survive summary judgment. *C.C. & J., Inc. v. Hagood*, 711 So. 2d 947, 952 (Ala. 1998). An ulterior purpose "usually takes the form of coercion to obtain a collateral advantage" that is akin to extortion. *Hollander*, 19 So. 3d at 194 (quoting *Reynolds v. McEwen*, 416 So. 2d 702, 706 (Ala. 1982))."The ulterior motive must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect." *Id.* at 193 (quoting *Willis v. Parker*, 814 So. 2d 857, 865 (Ala. 2001)) (alterations adopted).

Kimmons and Fennell presented no evidence that Probation Service acted with an ulterior motive. The record established that Probation Service officers performed their assigned task of collecting court-ordered fines and fees and conveyed truthful information to probationers that they were required timely to make payments and that nonpayment could result in them having their term of probation extended or being arrested. Even if, as Kimmons and Fennell maintained, their probation officers' threats were made with bad intentions, that was insufficient to establish they acted with an ulterior motive when collecting the fines and fees imposed by the municipal court. *See Willis*, 814 So. 2d at 865 ("'[T]here is no liability where the defendant has done nothing other than carry out the process to its authorized conclusion, even though with bad intentions.'"). Because the probation officers' "action [was] confined to its regular and legitimate function [of ensuring that probationers complied with the conditions of their

8

probation] . . . there [was] no abuse" of process. *Id.* (quoting *Dempsey v. Denman*, 442 So. 2d 63, 65 (Ala. 1983)). So the district court did not err by entering summary judgment in favor of Probation Services and against Kimmons and Fennell's complaint of abuse of process.

We **AFFIRM** the summary judgment in favor of Professional Probation Services, Inc.